IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT NORTHERN RESOURCES, INC.,**<br><br>       Plaintiff,<br><br>    v.<br><br>**KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; and DOES 1-10,**<br><br>       Defendants. | Case No. 3:20-cv-01866-IM<br><br>**OPINION AND ORDER** |

Bradley A. Benbrook, Benbrook Law Group, PC, 400 Capitol Mall, Suite 2530, Sacramento, CA 95814; Jonathan F. Mitchell, Mitchell Law PLLC, 111 Congress Avenue, Suite 400, Austin, TX 78701; Stephen M. Duvernay, Benbrook Law Group, PC, 400 Capitol Mall, Suite 2530, Sacramento, CA 95814; James L. Buchal, Murphy & Buchal, LLP, 3425 S.E. Yamhill Street, Suite 100 Portland, OR 97214. Attorneys for Plaintiff.

Clifford S. Davidson, Snell & Wilmer LLP, One Centerpointe Drive, Ste 170, Lake Oswego, OR 97035; Amanda T. Gamblin, Schwabe, Williamson & Wyatt, 1211 SW 5th Ave, Ste. 1900, Portland, OR 97204; Nicholas F. Aldrich , Jr., Schwabe, Williamson & Wyatt, 1211 SW 5th Ave, Ste. 1900, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

The parties are familiar with the facts of this case. Before this Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO") or Preliminary Injunction. ECF 12. In this Motion, Plaintiff has requested an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 22 (2008). Plaintiff seeks an order "enjoining Defendants . . . from using race as an essential factor in distributing relief funds" prior to a final determination on the merits. ECF 12 at 2. In supplemental briefing, Plaintiff further requests that this Court "order Defendants to consider" a re-application "without regard to race." ECF 21 at 2.

Defendants offered to post a bond with this Court in the amount Plaintiff would be entitled to if it wins on the merits. *See* ECF 17. This Court requested briefing specifically on whether Plaintiff could show the irreparable harm required to obtain a preliminary injunction in light of this bond, and a hearing was held on this limited issue on November 20, 2020. At the hearing, counsel for Defendants represented to this Court that $200,000 would be unconditionally posted to be held by this Court and would be available for Plaintiff should Plaintiff prevail in this litigation and be entitled to that relief. Plaintiff did not argue that the amount offered was insufficient. With Defendants' representation, and after consideration of parties' arguments in briefing and at the hearing, this Court concludes that Plaintiff cannot show irreparable harm, and therefore its Motion for a TRO or Preliminary Injunction is DENIED. In deciding this Motion, this Court does not determine the merits of this action. Whether Plaintiff may ultimately prove an unconstitutional practice by Defendants will be addressed later in this litigation.

## LEGAL STANDARDS

To obtain a TRO or preliminary injunction, a plaintiff must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of

PAGE 2 – OPINION AND ORDER

preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The Ninth Circuit applies a "sliding scale" approach in considering the factors outlined in *Winter*. A stronger showing of one element of the preliminary injunction test may offset a weaker showing of another. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Thus, for example, "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985); *see also Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir.1987). If a plaintiff does not make that "minimum showing," a court "need not decide whether it is likely to succeed on the merits." *Oakland Tribune*, 762 F.2d at 1376; *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## DISCUSSION

Plaintiff alleges it will suffer irreparable harm because there is an alleged constitutional and civil rights statutory violation, Defendants are "prevent[ing]" Plaintiff from "competing on equal footing," and "the program is required to expend all funds before the end of the year." ECF 12-1 at 19-20. However, Plaintiff's harm is in the past. Plaintiff applied for a grant from the Oregon Cares Fund, which applicants know they may only apply for once. ECF 19 at 2–3; ECF 21-1 at 33. And its application was denied. Whether the evaluation and/or denial of Plaintiff's application violated Plaintiff's rights, and whether Plaintiff is entitled to $200,000 based on a wrongful denial of that application, are not questions appropriate for a preliminary injunction analysis. A preliminary injunction stops ongoing harm to a plaintiff or prevents it from

PAGE 3 – OPINION AND ORDER

occurring. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, [ ] if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("If Lyons has made no showing that he is realistically threatened by a repetition of his experience of October, 1976, then he has not met the requirements for seeking an injunction in a federal court. . . .").

Here, Plaintiff has not alleged any "continuing, present adverse effects" resulting from the denial of its application. *O'Shea*, 414 U.S. at 495–96. For example, it has not alleged "a loss of customer goodwill" or the possible closure of its business. *Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1058 (9th Cir. 2009). Similarly, having been put at a "competitive disadvantage" in the past does not constitute irreparable harm for preliminary injunction purposes where no ongoing or future harms are alleged as a result of that fact. *See, e.g., Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 411 (9th Cir. 2015) (ongoing harms); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 423 (9th Cir. 1991) (ongoing harms). Accordingly, this Court does not find that Plaintiff has demonstrated it is likely to suffer irreparable harm in the absence of preliminary relief. While Plaintiff suggested at the hearing that this Court should consider issuing a broader injunction that applies to future possible Fund applicants that are not before this Court, this Court declines to do so. This Court analyzes irreparable harm only as it relates to the sole Plaintiff in this case.

The Court rejects Plaintiff's contention that alleging an equal-protection violation or a civil rights act violation standing alone creates a presumption of irreparable harm in this Circuit. *See* ECF 12-1 at 19–20; ECF 21 at 3. In the past decade or so, the Ninth Circuit has required more than a constitutional claim to find irreparable harm. For example, in *Melendres v. Arpaio*,

the Ninth Circuit found that class action plaintiffs were entitled to a "Fourth-Amendment-related [preliminary] injunction" because they "faced a real possibility that they would again be stopped or detained and subjected to unlawful detention on the basis of their unlawful presence alone." 695 F.3d 990, 997, 1002 (9th Cir. 2012). In *Hernandez v. Sessions*, the Ninth Circuit evaluated a preliminary injunction granted on multiple constitutional grounds. 872 F.3d 976, 986 (9th Cir. 2017). The court concluded that "[p]laintiffs have established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time." *Id*. at 994. The court also explained that an injunction would stop other myriad harms from "continu[ing] to occur needlessly on a daily basis." *Id*. at 995. In *Arizona Dream Act Coal. v. Brewer*, the Ninth Circuit found irreparable injury in an equal-protection claim because of the "myriad personal and professional harms" to plaintiffs. 757 F.3d 1053, 1068 (9th Cir. 2014). Plaintiff cites to *Am. Trucking Associations* in support of its argument that a constitutional violation alone, even without recurring or future harm, constitutes irreparable harm. In that case, however, the Ninth Circuit discussed at length the various injuries faced by plaintiffs in a preliminary injunction analysis. *Am. Trucking Associations*, 559 F.3d at 1057-59. With that important context, the court stated that "the constitutional violation alone, coupled with the damages incurred, can suffice to show irreparable harm." *Id*. at 1058. That decision does not suggest that a constitutional violation without recurring injury constitutes irreparable harm justifying a preliminary injunction. Here, Plaintiff has not alleged any other future harm whatsoever to "couple" with the alleged constitutional violation to suffice to make that showing. *Id*.

This Court agrees with the other district courts in this Circuit that have rejected arguments of per se irreparable injury for constitutional claims and required something more.

*See, e.g., Allen v. Cty. of Lake*, No. 14-CV-03934-TEH, 2014 WL 4380297, at *2 (N.D. Cal. Sept. 4, 2014) (rejecting similar argument by plaintiff and explaining that in Ninth Circuit cases where "a pattern or practice of constitutional violations" constituted irreparable injury, "plaintiffs succeeded because they could show a likelihood that [articulated] specific injuries would be repeated in the future"); *Poder in Action v. City of Phoenix*, No. CV-20-01429-PHX-DWL, 2020 WL 5038582, at *12 & n.8 (D. Ariz. Aug. 26, 2020) (rejecting plaintiffs' argument, in a preemption claim, that "irreparable harm always exists in cases involving constitutional challenges"); *Mendoza v. Garrett*, 358 F. Supp. 3d 1145, 1180–81 (D. Or. 2018) (rejecting same argument in a Fourteenth Amendment claim); *see also Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (noting that the "only area of constitutional jurisprudence where we have said that an on-going violation constitutes irreparable injury is the area of first amendment and right of privacy jurisprudence"). Plaintiff relies heavily on *Monterey Mechanical Co. v. Wilson*, which identified "unconstitutional discrimination in the bidding process" as one "kind[] of harm" that is irreparable through money. 125 F.3d 702, 715 (9th Cir. 1997). However, as explained above, more recent case law makes clear that today, the Ninth Circuit requires more than that before issuance of a preliminary injunction.[1]

To the extent Plaintiff now asserts the harm is ongoing and likely to recur because the Federal government may approve more Coronavirus funding for the states, and the State of Oregon may decide to allocate some portion of that funding to the same program challenged in

---

[1] Moreover, *Monterey Mechanical* did not state that a preliminary injunction was warranted. 125 F.3d at 715. Rather, it stated that its conclusion that the challenged statute was unconstitutional "makes Monterey's probability of success much higher," and on remand, the district court should "reconsider preliminary equitable relief in light of" that determination. *Id.*

PAGE 6 – OPINION AND ORDER

this action, that harm is entirely too speculative to justify a preliminary injunction. Accordingly, cases regarding certain harm in "future cycles" are not determinative. *See, e.g., City of Los Angeles v. Sessions*, No. CV 18-7347-R, 2019 WL 1957966, at *5 (C.D. Cal. Feb. 15, 2019) ("level playing field in future grant cycles").

Plaintiff asks, in its supplemental briefing, that this Court order Defendant to accept a new application from Plaintiff to its one-application-only grant program and evaluate it without regard to race. ECF 21 at 2. The Court declines to do so, especially where Plaintiff has alleged no harms stemming from the denial of its application that might justify such an order, such as lost profits, lost reputation, potential shut-down of business, or the like. *See, e.g. Express One Int'l, Inc. v. U.S. Postal Serv.*, 814 F. Supp. 87, 91 (D.D.C. 1992) (disappointed bidder challenging contract as illegal showed irreparable harm due to "loss of revenues and profits it now receives," "effect this [contract] loss will have on [plaintiff's] relationship with its primary subcontractor," "likely [ ] significant shut-down costs," and "significant lay-off, capital, and facility costs"). Mandatory injunctions are "particularly disfavored" in this Circuit, and Plaintiff has not shown that "extreme or very serious damage will result." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quotation marks and citation omitted).

Plaintiff has not demonstrated why damages will not fully compensate Plaintiff for its injury, necessitating an injunction. Plaintiff's interest in the $200,000 it was allegedly wrongfully denied is secured. In an accompanying order, the Court orders the Clerk of Court to accept funds payable to the Clerk, U.S. District Court, in the amount of $200,000, and to deposit these monies into the Court's treasury registry fund. ECF 26. The Court will address Plaintiff's constitutional and civil rights claims in due course.

PAGE 7 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a TRO or Preliminary Injunction is DENIED.

**IT IS SO ORDERED**.

DATED this 20th day of November, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
