Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
    *Special Assistant Attorney General*
Kelly H. Dove, OSB No. 082165
kdove@swlaw.com
Alexix G. Terríquez (*pro hac vice*)
aterriquez@swlaw.com
SNELL & WILMER L.L.P.
One Centerpointe Drive, Suite 170
Lake Oswego, OR  97035
Telephone: (503) 624-6800
Facsimile:  (503) 624-6888

    Attorneys for the State Defendants

    Additional counsel listed on signature page

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; BLACK UNITED FUND OF OREGON; and DOES 1-10,<br><br>    Defendants. | Case No. 3:20-cv-01866-IM (L)<br><br>**NOTICE OF SETTLEMENT AS TO PLAINTIFFS DYNAMIC SERVICE FIRE AND SECURITY, LLC AND WALTER VAN LEJA** |

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Defendants State of Oregon, Department of Administrative Services, and Katy Coba, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services (the "State Defendants"), The Contingent and Black United Fund, Inc. (the "Settling Defendants") hereby provide notice to the Court of their settlement with plaintiffs Dynamic Service Fire and Security, LLC and Walter Van Leja (the "Settling Plaintiffs"). "Settling Defendants" and "Settling Plaintiffs" are referred to herein as the "Settling Parties." The settlement agreement is attached hereto as Exhibit 1.

**FACTUAL BACKGROUND RELEVANT TO THIS NOTICE**

**A.     The Oregon Emergency Board Allocates $62 Million to Create the Fund, and Great Northern, Dynamic, and Van Leja Sue to Enjoin the Fund's Operation.**

This lawsuit concerns the Oregon Emergency Board's allocation of $62 million to Defendant Oregon Department of Administrative Services ("DAS") for the purpose of creating a fund available to Oregon-based businesses majority-owned by persons self-identifying as Black; Oregon-based community organizations primarily serving the Black community; and Oregon-based individuals who self-identify as Black (known as the Oregon Cares Fund for Black Relief and Resiliency ("Fund"). (ECF No. 65 at 4.) To administer the Fund, DAS tasked The Contingent, an Oregon-based non-profit with existing programs that serve Oregon's Black community. (*Id.*) Significantly, though the Fund was set to expire on December 30, 2020 (according to the terms of the agreement between DAS and The Contingent, and the Emergency Board's allocation to DAS), on December 8, 2020, The Contingent announced it would no longer accept applications. By that date, The Contingent already had applications for amounts exceeding the funds available for distribution. (*Id.*; *see also* ECF No. 45 at 6–7.) Black United Fund subcontracted with The Contingent to assist in processing the Fund applications.

On October 29, 2020, Plaintiff Great Northern Resources, Inc. ("Great Northern") sued on its own behalf and moved for a temporary restraining order on November 7, 2020. (ECF Nos. 1, 12.) On November 20, 2020, the Court denied Great Northern's request because of the of lack of

Page 1 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

irreparable injury to it—in part because The Contingent had already deposited the maximum amount any applicant could obtain with the Court's registry ($200,000). (ECF No. 28.)

On December 6, 2020, Plaintiffs filed their "First Amended Class-Action Complaint." (ECF No. 32.) The Amended Complaint added as plaintiffs Dynamic Service Fire and Security, LLC ("Dynamic") and Walter Van Leja, who sued on behalf of themselves and a putative class defined as "all current and future individuals, families, and businesses who: (1) live or are based in Oregon; (2) have experienced or are experiencing hardship due to COVID-19; and (3) do not self-identify as [B]lack, and who therefore have been or are currently being disqualified from the relief from the Fund on account of race." (*Id*. at 68.) On December 11, 2020, Plaintiffs moved for a temporary restraining order. (ECF No. 39.) After briefing, The Contingent informed the Court it would deposit the balance of the Fund into the Court's registry ($8,814,120); thus, the Court denied Plaintiffs' request as moot and accepted The Contingent's deposit. (ECF No. 59.)

### B. Defendants Attack the Claims of Non-Applicants, including Dynamic and Van Leja, Based on Lack of Standing.

On December 29, 2020, the State Defendants submitted a brief to the Court addressing the standing of non-applicants—that is, whether those individuals, businesses, and nonprofits, who did not apply before the Fund closed, possess *any* claim for relief. (ECF No. 65.) This includes Dynamic and Mr. Van Leja. (*Id.*; *see also* ECF No. 32. ¶¶ 42, 47.) The Court deferred its ruling on this issue.

### C. The Parties Negotiate Two Different Settlements – One, a Proposed Settlement Class of Applicants to the Fund, Including Great Northern – the Other, At Issue Here, a Settlement of the Individual Claims of Dynamic and Mr. Van Leja, Neither of Whom Applied to the Fund.

On January 12, 2021, the parties attended the Court-ordered settlement conference, which did not result in settlement. (ECF No. 78.) The conference did, however, precipitate settlement conversations between the parties. Through these conversations, the State Defendants agreed to settle with Great Northern. That proposed settlement would involve – and is contingent upon – the

Page 2 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

certification by this Court of a settlement class pursuant to Fed. R. Civ. P. 23(e). That proposed settlement is the subject of a Motion to Approve filed concurrently with this Notice.

Meanwhile, the Settling Defendants have separately agreed with Settling Plaintiffs to settle their individual claims. Unlike the proposed settlement class as to which Great Northern would be a class representative, the Settling Defendants' settlement with Dynamic and Mr. Van Leja is simply a settlement of their individual claims and is not proposed as a class settlement. The resulting settlement agreement, attached as Exhibit 1, resolves Dynamic's and Mr. Van Leja's claims and permits $5,300,000.00 to be released from the funds deposited with the Court—subject to Court approval of that release.

Because of this Court's role in supervising this entire litigation and the proposed settlement class that is the subject of the Request for Approval, and out of caution and consistent with a conservative reading of the law of Rule 23, Settling Defendants hereby give notice of their settlement of the individual claims of Dynamic and Mr. Van Leja.

## SUMMARY OF PROPOSED SETTLEMENT TERMS

**A.   What Is Not At Issue in the Individual Settlements with Dynamic and Mr. Van Leja.**

Precisely because the individual settlement with Dynamic and Mr. Van Leja is just that – an individual settlement – it is worth stressing all of the features of the proposed settlement class including Great Northern that are not part of this small and narrow agreement.

First, and most importantly, there is no proposed settlement class.

Second, and relatedly, there is therefore no class notice.

Third, no relief is sought for others, as no others are bound by this settlement, which is a critical inquiry in Fed. R. Civ. P. 23(e)(2).

Fourth, there is no class release, because again, no others are bound by this settlement. *See* Fed. R. Civ. P. 23(e)(2).

Page 3 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

**B.     This Settlement Involves a Payment to Settling Plaintiffs and Their Counsel, Withdrawal of Some Moneys from the Deposit in the Court Registry, and Mutual General Releases Relating to Settling Plaintiffs' Individual Claims.**

The terms of the State Defendants' settlement with Dynamic and Mr. Van Leja are few and simple.

First, within seven court days of the date on which the final signature is affixed to the settlement, Effective Date, Settling Defendants will file a joint motion to withdraw $5,300,000.00 from the Deposit (the "Withdrawal Motion"). Settling Defendants will request that the withdrawn funds be disbursed to The Contingent. Settling Plaintiffs agree that they will not oppose the Withdrawal Motion. Settling Plaintiffs agree that upon receipt of the withdrawn funds, The Contingent may resume disbursing those moneys to Fund applicants meeting the original Fund criteria. Great Northern Resources has agreed not to oppose the Withdrawal Motion on the condition that the funds be distributed in order of the dates on which applications were received by The Contingent

Second, if the court grants the Withdrawal Motion, then within five business days after the Withdrawal Motion is granted, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall (1) pay plaintiff Dynamic Service Fire and Security, LLC the sum of $35,000 dollars. ("Settlement Payment") and (2) pay Settling Plaintiffs' attorneys $75,962.00 as fees and costs ("Attorney Fees Payment").

Third, within three court days of receiving the Settlement Payment and Attorney Fees Payment, Settling Plaintiffs agree to dismiss their individual claims against all defendants with prejudice.

Fourth, Dynamic and Mr. Van Leja agree to a mutual general release with the Settling Defendants, as set forth more specifically in the settlement. (Settlement at 3.).

Page 4 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

## NOTICE OF THE PROPOSED SETTLEMENT

### A. The Law Does Not Require Judicial Approval of this Settlement, But Prudence Nonetheless Dictates Giving Notice to This Court of It.

Rule 23(e) of the Federal Rules of Civil Procedure does not require judicial approval, as here, of the settlement of a putative class action where the settlement does not involve class certification or bind the putative class. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval").

Ninth Circuit authority predating the 2003 and 2018 revisions to Rule 23 nonetheless suggests that it is prudent to give notice to the Court of settlement in such a situation. *See Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Consistent with the prudence of that practice, some cases predating the 2018 revisions to Rule 23(e) show parties seeking judicial approval of pre-certification settlements, while others show parties simply giving notice to the Court, thus respecting its supervisory authority over the matter. By sweeping in voluntary notices, the 2003 amended notice provision sought to protect the interests of non-party class members from unfair or collusive settlements and to discourage the assertion of a class action to secure an unjust private settlement for named plaintiffs who then dismiss the putative class claims. This concern is not present, however, if the voluntary dismissal did not bind the class, consistent with Rule 23(e)(2). *See, e.g.*, *Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*, No. 3:14-cv-02006-HSG, 2015 U.S. Dist. LEXIS 172290, at *6 (N.D. Cal. Dec. 28, 2015) (approving non-class settlement in a case that initially began as a putative class action and finding notice was not necessary because dismissal would not affect the rights of putative class members); *Houston v. Cintas Corp.*, No. C 05-3145 JSW, 2009 U.S. Dist. LEXIS 33704, at *5 (N.D. Cal. Apr. 3, 2009) (approving voluntary dismissal of putative class claims when named plaintiffs decided to arbitrate claims in part because dismissal would be without prejudice); *In re Enron Corp. Sec., Derivative & ERISA Litig*.), Nos. MDL-1446, H-01-3624, 2007 U.S. Dist. LEXIS 5111, at *94 (S.D. Tex. Jan. 24, 2007) (concluding that notice to the absent class members

Page 5 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

and a hearing are required for a motion for court approval of a voluntary dismissal under Rule 41(a) only when the class is "bound" by the dismissal, i.e., that it is precluded from asserting its claims against the defendants).

The Settling Defendants are especially concerned about giving notice to show regard for the Court's role in supervising this litigation, as the Settling Defendants simultaneously are presenting a motion to certify a settlement class with a different representative plaintiff (Great Northern) concerning a narrower proposed set of benefitted parties whose claims do not have the standing and mootness issues the Settling Defendants see in the claims of Dynamic and Mr. Van Leja and the putative class they purport to represent. Regardless, even if the settlement of Dynamic's and Mr. Van Leja's individual claims may be conducted without approval, their assertion in common with the claims of the Great Northern settlement class leads the Settling Parties to the conclusion that this Court should have all of the details of this settlement to assess the entire picture of both settlements.

> **B.** **To the Extent This Court Wishes to Review and Consider its Terms, the Settlement With Dynamic and Mr. Van Leja Is Equitable and Does Not Offend Rule 23.**

This settlement is fully consistent with Rule 23(e), and nothing in it should give this Court pause under that rule.

<u>First</u>, the settlement does not fall within the broad language of the first paragraph of Rule 23(e) that establishes this Court's positive obligation to police settlements of actual or putative class actions. That language provides that "[t]he claims… of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the Court's approval." *Id.* Here, the individual claims of Dynamic and Mr. Van Leja have never been certified as a class, nor is anyone proposing their certification for purposes of settlement. Indeed, the claims are in jeopardy at present, as there is briefing before this Court advocating that non-applicants—such as Dynamic, Van Leja and the putative class of non-applicants—lack standing or that their claims are moot. The language setting out what Rule 23

Page 6 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

does on its face not sweep in this settlement, nor does it create on its face any obligation to police this settlement.

Second, this settlement does not implicate the concern of Rule 23(e)(2) to avoid injury to absent similar claimants by binding them to a settlement that disfavors them. The text of Rule 23(e)(2) makes this concern plain, by requiring a hearing or finding of fairness, reasonableness, and adequacy "[i]f the proposal would bind class members…". *Id*. Again, the settlement of the individual claims asserted by Dynamic and Mr. Van Leja does not bind any absent parties, including any nonparticipating members of the class they would have pressed, consisting of persons who never applied to the Fund.

Third, to the extent *Diaz* has vitality and suggests that this Court should apply any scrutiny to the settlement, it likewise implicates no concern suggested by that case. 876 F.2d at 1410. There, the Ninth Circuit suggested focus on the potential for prejudice in pre-certification settlements of putative class actions from: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [or] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

None of those considerations applies here. As to (1), Settling Defendants submit that non-applicant class members could not have meaningfully relied on the filing in refraining from filing any viable action. Dynamic and Mr. Van Leja filed their claim on December 6, 2020, only two days before the Fund closed on December 8, 2020, so no one stood by waiting for them to prosecute the valid claims of non-applicants, only to be thwarted by the settlement. *See id.* Put another way, Settling Defendants contend that by December 8, it was impossible to apply, so no one had time to rely on the Dynamic/Van Leja filing and meaningfully forbear from suit. *See id.* As to (2), the operative limitations period is either the date the Fund closed, which already passed and is unaffected by this settlement, or is some other statute of limitations as to claims that has not yet

Page 7 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

elapsed, so that consideration does not warrant skepticism about this settlement. *See id.* Finally, as to (3), no class interest is conceded because – again – no claim beyond those of Dynamic and Van Leja are compromised by the settlement.

## CONCLUSION

For the reasons set forth herein, the Settling Defendants respectfully provide this Court with notice of their settlement with Dynamic and Van Leja.

Dated: March 12, 2021

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

SNELL & WILMER L.L.P

By /s/ Clifford S. Davidson
    Clifford S. Davidson, OSB No. 125378
    csdavidson@swlaw.com
      *Special Assistant Attorney General*
    Kelly H. Dove, OSB No. 082165
    Alexix G. Terríquez (*pro hac vice*)
    aterriquez@swlaw.com
    Alysha Green (*pro hac vice*)
    agreen@swlaw.com

    Fay Stetz-Waters, OSB No. 071789
    Fay.stetz-waters@doj.state.or.us
    Sheila H. Potter, OSB No. 993485
    Sheila.potter@doj.state.or.us

      *Attorneys for Defendants State of Oregon, Oregon Department of Administrative Services, and Katy Coba, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services*

Page 8 – NOTICE OF SETTLEMENT AS TO
PLAINTIFFS DYNAMIC AND VAN LEJA

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800