**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This action is currently pending in the U.S. District Court for the District of Oregon and bears Case Number 3:20-cv-01866-IM ("Action"). The plaintiffs in the Action are Great Northern Resources, Inc., Dynamic Service Fire and Security, LLC and Walter Van Leja. However, only plaintiffs Dynamic Service Fire and Security, LLC and Walter Van Leja are parties to this settlement agreement ("Settling Plaintiffs"). Settling Plaintiffs have asserted individual claims, and claims on behalf of a purported class, in the Action.

The defendants in this action are Katy Coba, in her official capacity as State Chief Operating Officer and Director of Oregon Department of Administrative Services, Oregon Department of Administrative Services (collectively, "State Defendants"), The Contingent, and Black United Fund of Oregon, Inc. ("Settling Defendants"). Settling Plaintiffs and Settling Defendants are referred to collectively herein as the "Settling Parties."

The Action concerns the constitutionality of the Oregon Cares Fund for Black Relief and Resiliency ("Fund"). The Fund was funded with $62 million allocated to the State of Oregon by the federal government pursuant to the Coronavirus Aid, Relief and Economic Security Act. Oregonians identifying as Black; Oregon-based Black-owned businesses; and organizations serving the Black community were eligible for awards under the Fund. The Fund accepted applications until December 8, 2020. Settling Plaintiffs do not meet the Fund's race-conscious criteria and did not apply to the Fund. They have alleged claims on behalf of a putative class of non-applicants. This agreement does not bind the putative class.

In the course of the Action, The Contingent, with the State Defendants' consent and Court approval, made two deposits—first $200,000, and then $8,814,120.00—into the Court Registry (*See* Dkt Nos. 58, 60 and 64 in the Action) (the "GNR Deposit"). The Contingent has represented that the latter amount is the remaining balance of the Fund beyond what it has reserved to use for administrative costs.

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The Settling Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement").

The Agreement shall become effective on the date it is fully executed ("Effective Date").

The Settling Parties acknowledge that this Agreement will be disclosed to the Court.

The terms of this Agreement are as follows:

**Disbursement of Portion of GNR Deposit:** Within 7 court days of the Effective Date, Settling Defendants will file a joint motion to withdraw $5,300,000.00 from the GNR Deposit (the "Withdrawal Motion"). Settling Defendants will request that the withdrawn funds be disbursed to The Contingent. Settling Plaintiffs agree that they will not oppose the Withdrawal Motion. Settling Plaintiffs agree that upon receipt of the withdrawn funds, The Contingent may resume disbursing those moneys to Fund applicants meeting the original Fund criteria, and that such disbursement will be in order of the date and time applications were submitted and starting with the application immediately after the last funded application. Plaintiff Great Northern Resources, Inc., through counsel, separately has agreed in writing not to oppose the Withdrawal Motion so long as withdrawal is sought on the terms set forth in this Agreement.

**Settlement Payment and Attorney Fees and Costs:** If the court grants the Withdrawal Motion, then within 5 business days after the Withdrawal Motion is granted, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall (1) pay plaintiff Dynamic Service Fire and Security, LLC the sum of $35,000 dollars ("Settlement Payment") and (2) pay Settling Plaintiffs' attorneys $75,962.00 as fees and costs ("Attorney Fees Payment").

**Dismissal with Prejudice:** Within 3 court days of receiving the Settlement Payment and Attorney Fees Payment, Settling Plaintiffs agree to dismiss their individual claims with prejudice, and will specify in the dismissal that it is "without costs, attorney fees or disbursements to any party other than as set forth in that Settlement Agreement and Release of Claims effective [Month] [date], 2021."

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**Settling Plaintiffs' Release of Claims:** In consideration for the Settlement Payment and Attorney Fees Payment, Settling Plaintiffs, individually and on behalf of any heirs, executors, administrators, successors, agents, assigns, parent companies, affiliates, officers, directors, employees or successors in interest ("Plaintiff Releasing Parties"), agree to release, acquit, and forever discharge Settling Defendants and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies (including, without limitation, the Oregon Department of Administrative Services and Oregon Department of Justice), departments, administrators, officers, current and former employees, and including agents, insurers, administrators, successors, assigns, parent companies, affiliates, officers, directors, employees or successors in interest (collectively "Settling Defendant Released Parties").

With respect to The Contingent and Black United Fund, such release shall be a general release—that is, a release from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, arising from the beginning of time through the date on which this Agreement is fully executed. This Release by Plaintiffs also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

With respect to State Defendants, such release shall be a release from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, arising from the beginning of time through the date on which this Agreement is fully executed, relating in any way to the Fund. This Release by Plaintiffs also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including

injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements) relating to the Fund.

The releases, acquittals and discharges described above ("Release by Plaintiffs") includes any claims against the Released Parties - including the Oregon Department of Justice and the Oregon Department of Administrative Services - arising from the negotiation or execution of this Agreement.

**Settling Defendants' Release of Claims:** In consideration for the Release by Plaintiffs, Settling Defendants, individually and on behalf of any heirs, executors, administrators, successors, agents, assigns, parent companies, affiliates, officers, directors, employees or successors in interest ("Defendant Releasing Parties"), agree to release, acquit, and forever discharge Settling Plaintiffs and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents administrators, successors, agents, assigns, parent companies, affiliates, officers, directors, employees or successors in interest (collectively "Settling Plaintiff Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action.

**Newly-Discovered Evidence:** The Settling Plaintiff Parties and Settling Released Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Settling Plaintiffs are Responsible for all Subrogation and Liens:** Settling Plaintiffs acknowledge that all subrogation and lien claims arising out of contract or under state or federal law—including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare,

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Medicaid, or Social Security—are the sole and separate obligation of Settling Plaintiffs which Settling Plaintiffs agree to pay or otherwise resolve. Settling Plaintiffs will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the Settlement Payment or Attorney Fees Payment for tax purposes, and agree that no further payment of money from Settling Defendant Released Parties will be due by reason of the fact that the payments or release of claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Settling Defendant Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099.  The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.  Settling Plaintiffs are solely responsible for the tax consequences of settlement payment, and Settling Plaintiffs agree not to hold the Settling Defendant Released Parties responsible for taxes due.**

**Entire Agreement:**  This Agreement contains and constitutes the entire agreement and understanding of the Settling Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement.  There are no representations, agreements, or inducements between or among the Settling Parties except as set forth expressly and specifically in this Agreement.

**No Admission of Fault or Future Precedent:**  The Settling Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Settling Defendant Released Parties, or as an acknowledgment that Settling Plaintiffs ever had standing to bring their claims in this Action.  This Agreement does not establish a precedent in the settlement of any current or future grievance or dispute between any

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Settling Defendant and any Settling Plaintiff, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding between any Settling Defendant, on one hand, and any Settling Plaintiff or non-party to this Agreement, on the other hand, except in a proceeding brought to enforce the terms of this Agreement. In the event a Settling Plaintiff or Settling Defendant pursues a claim waived or released pursuant to this Agreement, any of the Settling Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Settling Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Settling Parties, shall not be a waiver of such terms or conditions or of such Settling Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, then such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Settling Parties, and their heirs, representatives, executors, administrators, successors in interest, officers, directors, affiliates, insurers and assigns. The Settling Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Settling Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Settling Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

concerning the legal effect of this Agreement before signing it, and that each Settling Party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Settling Parties. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE SETTLING PARTIES:**

DYNAMIC SERVICE FIRE AND SECURITY, LLC

_____  DATED this 10 day of March, 2021.
By: Walter Van Leja
Its: President

Plaintiff

_____  DATED this 10 day of March, 2021.
Walter Van Leja

Plaintiff


_____  DATED this _____ day of March, 2021.
Katy Coba, in her official capacity

Defendant

OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES


Page 7 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

concerning the legal effect of this Agreement before signing it, and that each Settling Party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Settling Parties. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE SETTLING PARTIES:**

DYNAMIC SERVICE FIRE AND SECURITY, LLC

_____   DATED this _____ day of March, 2021.
By: Walter Van Leja
Its: President

Plaintiff

_____   DATED this _____ day of March, 2021.
Walter Van Leja

Plaintiff

___*/s/ Katy Coba*_____   DATED this   11   day of March, 2021.
Katy Coba, in her official capacity

Defendant

Page 7 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES

_____ DATED this __10th____ day of March, 2021.
By: Brian E. DeForest
Its: Chief Administrative Officer

Defendant


THE CONTINGENT

_____ DATED this _____ day of March, 2021.
By: Ben Sand
Its: CEO

Defendant


BLACK UNITED FUND, INC.

_____ DATED this _____ day of March, 2021.
By: Dr. LM Alaiyo Foster
Its: CEO

Defendant


Page 8 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES

_____  DATED this _____ day of March, 2021.
By: _____
Its: _____

Defendant


THE CONTINGENT

*Ben Sand* (DocuSigned by: B173012F5CC848A...)  3/11/2021
By: Ben Sand  DATED this _____ day of March, 2021.
Its: CEO

Defendant


BLACK UNITED FUND, INC.

_____  DATED this _____ day of March, 2021.
By: Dr. LM Alaiyo Foster
Its: CEO

Defendant


Page 8 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES

By: _____  
Its: _____

Defendant

DATED this _____ day of March, 2021.

THE CONTINGENT

By: Ben Sand  
Its: CEO

Defendant

DATED this _____ day of March, 2021.

BLACK UNITED FUND, INC.

By: Dr. LM Alaiyo Foster  
Its: CEO

Defendant

3/11/2021  
DATED this _____ day of March, 2021.