UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated<br><br>            Plaintiff,<br><br>  vs.<br><br>KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; BLACK UNITED FUND OF OREON; DOES 1-10,<br><br>           Defendants. | Case No. 3:20-cv-01866-IM (L)<br><br>**ORDER APPROVING SETTLEMENT OF PLAINTIFFS DYNAMIC SERVICE FIRE AND SECURITY, LLC, AND VAN LEJA** |

Having reviewed the Parties' Notice of Settlement as to Plaintiffs Dynamic Service Fire and Security, LLC and Walter Van Leja (Dkt No. 89), and good cause appearing therefor, the Court hereby APPROVES the proposed settlement previously filed with the Court as Dkt. No. 89-1 (the "Dynamic and Van Leja Settlement"), which settles those individual claims brought by plaintiffs Dynamic Service Fire and Security, LLC ("Dynamic") and Walter Van Leja (the

ORDER APPROVING DYNAMIC AND
VAN LEJA SETTLEMENT

"Settling Plaintiffs"), against Defendants State of Oregon, Department of Administrative Services, and Katy Coba, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services (the "State Defendants"), The Contingent and Black United Fund, Inc. (the "Settling Defendants"). In approving the Settlement, the Court finds as follows:

1. On December 6, 2020, Dynamic and Van Leja brought this lawsuit on behalf of themselves and a putative class defined as "all current and future individuals, families, and businesses who: (1) live or are based in Oregon; (2) have experienced or are experiencing hardship due to COVID-19; and (3) do not self-identify as [B]lack, and who therefore have been or are currently being disqualified from the relief from the [Oregon Cares] Fund [for Black Relief and Resiliency] on account of race." (Dkt. 32 at 68.)

2. On December 29, 2020, Defendants filed briefs addressing whether non-applicants to the Fund (such as Dynamic and Van Leja) have standing to bring any claim for relief against Defendants—that is, whether those individuals, businesses, and nonprofits, who did not apply before the Fund closed, possess any claim for relief. (Dkt. 65.) The Court deferred ruling on that issue, and the question of non-applicants' standing has not been resolved. Prior to final approval of the Dynamic and Van Leja Settlement, Dynamic and Van Leja's claims remain in jeopardy on that basis.

3. In light of the State Defendants' argument against Dynamic's and Van Leja's standing, among other considerations, the Settling Plaintiffs' individual claims have not been certified as a class, nor has either party proposed certifying a class for purposes of settlement that would include such claims. Therefore, the Court finds the Dynamic and Van Leja Settlement does not present the possibility of injury to absent similar claimants by binding them to a settlement.

The Court also finds that the Dynamic and Van Leja Settlement does not bind any absent parties, including any nonparticipating members of the potential and uncertified class, consisting of individuals, businesses, and nonprofits who did not apply before the Fund closed. Accordingly, Rule 23(e) of the Federal Rules of Civil Procedure does not require judicial approval of the Dynamic and Van Leja Settlement. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval").

4. However, out of an abundance of caution, and to the extent this Court is required to follow the rule set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), the Court finds the Dynamic and Van Leja Settlement does not pose any possible prejudice. In *Diaz*, the Ninth Circuit advised courts to focus on the potential for prejudice in pre-certification settlements of putative class actions from: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [or] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408.

5. As to (1), the Court finds that nonapplicant class members could not have meaningfully relied on the filing in refraining from filing any viable action. Dynamic and Mr. Van Leja filed their claim on December 6, 2020, only two days before the Fund closed on December 8, 2020, so no one stood by waiting for them to prosecute the valid claims of non-applicants, only to be thwarted by the settlement. *See id*. Put another way, Settling Defendants contend that by December 8, it was impossible to apply, so no one had time to rely on the Dynamic/Van Leja filing

Page 2 – ORDER APPROVING DYNAMIC
AND VAN LEJA SETTLEMENT

and meaningfully forbear from suit.

6. As to (2), the operative limitations period is either the date the Fund closed, which already passed and is unaffected by this settlement, or is some other statute of limitations as to claims that has not yet elapsed, so that consideration similarly does not warrant withholding approval of the Dynamic and Van Leja Settlement.

7. Finally, as to (3), no class interest is conceded because – again – no claim beyond those of Dynamic and Van Leja are compromised by the Dynamic and Van Leja Settlement.

8. Therefore, the court approves the Dynamic and Van Leja Settlement and will disburse $5,300,000.00 from the funds deposited with the Court in Case Number 3:20-cv-01866-IM. The court will order the Clerk to disburse those funds through a separately filed order approved by the Clerk's Office Financial Administrator.

IT IS SO ORDERED.

DATED: _____

                                                                    Hon. Karin J. Immergut
                                                                    U.S. District Judge