UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**KATY COBA, in her official capacity as State Chief Operating Officer and Director of ODAS, OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, THE CONTINGENT, BLACK UNITED FUND OF OREGON, INC., and DOES 1-10,**<br><br>Defendants. | Case No. 3:20-cv-01866-IM (Lead Case)<br><br>**ORDER APPROVING SETTLEMENT OF PLAINTIFFS DYNAMIC SERVICE FIRE AND SECURITY, LLC, AND WALTER VAN LEJA** |

**IMMERGUT, District Judge.**

Having reviewed the parties' Notice of Settlement as to Plaintiffs Dynamic Service Fire and Security, LLC and Walter Van Leja, ECF 88, and good cause appearing therefor, the Court hereby APPROVES the proposed settlement previously filed with the Court as ECF 89-1(the "Dynamic and Van Leja Settlement"), which settles those individual claims brought by plaintiffs

ORDER APPROVING DYNAMIC AND
VAN LEJA SETTLEMENT

Dynamic Service Fire and Security, LLC ("Dynamic") and Walter Van Leja (the "Settling Plaintiffs"), against Defendants Oregon Department of Administrative Services; Katy Coba, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services (the "State Defendants"); The Contingent; and Black United Fund, Inc. (the "Settling Defendants"). In approving the Settlement, the Court finds as follows:

1. On December 6, 2020, Dynamic and Van Leja brought this lawsuit on behalf of themselves and a putative class defined as "all current and future individuals, families, and businesses who: (1) live or are based in Oregon; (2) have experienced or are experiencing hardship due to COVID-19; and (3) do not self-identify as [B]lack, and who therefore have been or are currently being disqualified from relief from the [Oregon Cares] Fund [for Black Relief and Resiliency] on account of race." ECF 32 at ¶ 68.

2. On December 11, 2020, Plaintiffs in this action filed a Renewed Motion for Temporary Restraining Order or Preliminary Injunction on behalf of the aforementioned putative class. ECF 39. At the hearing for the Motion on December 18, 2020, this Court expressed serious concerns about the viability of the putative class to satisfy the requirements for Rule 23 class certification.

3. On December 17, 2020, Defendant The Contingent asked the Court to order briefing addressing whether non-applicants to the Fund (such as Dynamic and Van Leja) have any claim for relief against Defendants—that is, whether those who did not apply before the Fund closed possess any claim for relief. ECF 58 at 4–5. The Court granted that request but ultimately deferred ruling on that issue, ECF 76, and that question has not been resolved.

4. In light of the State Defendants' argument against Dynamic and Van Leja's standing, among other considerations, the Settling Plaintiffs' individual claims have not been

certified as a class, nor has either party proposed certifying a class for purposes of settlement that would include such claims. Therefore, the Court finds the Dynamic and Van Leja Settlement does not present the possibility of injury to absent similar claimants by binding them to a settlement. The Court also finds that the Dynamic and Van Leja Settlement does not bind any absent parties, including any nonparticipating members of the potential and uncertified class, consisting of individuals, businesses, and nonprofits who did not apply before the Fund closed.

5. Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of certified class claims. The Ninth Circuit has held that Rule 23(e) also applies to pre-certification classes, but in a much lighter form that does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Subsequent to *Diaz*, in 2003, Rule 23(e) was specifically amended to make clear that court approval was not required of "settlements with putative class representatives that resolved only individual claims." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. As a result, there remains "some uncertainty" about whether the *Diaz* holding applies in the wake of the 2003 amendments to Rule 23(e). *See, e.g., Gonzalez v. Fallanghina, LLC*, No. 16-cv-1832-MEJ, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017) (quoting *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2012 WL 5940846, at *1 n.1 (N.D. Cal. Nov. 27, 2012)). Even so, district courts in the Ninth Circuit "continue to follow *Diaz* to evaluate the proposed settlement and dismissal of putative class claims." *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (explaining this approach "strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected") (quotation marks and citations omitted). Accordingly, this Court will follow *Diaz* to evaluate the

proposed settlement and dismissal here.

6. In *Diaz*, the Ninth Circuit advised courts to focus on the potential for prejudice in pre-certification settlements of putative class actions from: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408.

7. As to the first factor, this Court finds that nonapplicant class members could not have meaningfully relied on the filing of this action in refraining from filing their own action. Although this case did garner media attention, Dynamic and Mr. Van Leja filed their claim on December 6, 2020, only two days before the Fund closed to applicants on December 8, 2020. Given the timing of Dynamic and Mr. Van Leja's suit, it is highly unlikely that any putative class member relied on these Plaintiffs instead of pursuing their own claims by bringing suit earlier or before the Fund closed.

8. As to the second factor, the operative limitations period is either the date the Fund closed, which already passed and is unaffected by this settlement, or is some other statute of limitations as to claims that has not yet elapsed, so that consideration similarly does not warrant withholding approval of the Dynamic and Van Leja Settlement.

9. Finally, as to the final factor, no class interest is conceded because, as explained above, no claims beyond those of Dynamic and Mr. Van Leja are compromised by the Dynamic and Van Leja Settlement. *See Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014) ("Because the settlement does not prevent putative

class members from pursuing claims, they are not likely, as a general matter, to be prejudiced.").

10. Therefore, this Court concludes that the Dynamic and Van Leja Settlement satisfies the *Diaz* factors. This Court approves the Dynamic and Van Leja Settlement and will disburse, pursuant to that Settlement's terms and the contemporaneously filed Joint Unopposed Motion of All Defendants for Disbursement of Funds, ECF 89, $5,300,000.00 from the funds deposited with the Court in Case No. 3:20-cv-01866-IM. This Court will order the Clerk to disburse those funds through a separately filed order approved by the Clerk's Office Financial Administrator.

**IT IS SO ORDERED**.

DATED this 25th day of March, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge