Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
    *Special Assistant Attorney General*
Kelly H. Dove, OSB No. 082165
kdove@swlaw.com
Alexix G. Terríquez (*pro hac vice*)
aterriquez@swlaw.com
SNELL & WILMER L.L.P.
One Centerpointe Drive, Suite 170
Lake Oswego, OR  97035
Telephone: (503) 624-6800
Facsimile:  (503) 624-6888

    Attorneys for the State Defendants

    Additional counsel listed on signature page

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; BLACK UNITED FUND OF OREGON; DOES 1-10,<br><br>    Defendants. | Case No. 3:20-cv-01866-IM (L)<br><br>**JOINT RESPONSE IN OPPOSITION TO MOTION TO INTERVENE FILED BY NON-PARTY BENJAMIN BARBER** |

RESPONSE TO MOTION TO INTERVENE

All parties jointly respond to the Motion to Intervene filed by non-party Benjamin Barber (Dkt. 92). Given the posture of this case and the nature of Mr. Barber's arguments, this "Motion to Intervene" is simply an objection to the parties' Settlement, which the Court has preliminarily approved. (Dkt. 85; Dkt. 94.) Mr. Barber is a Settlement Class Member, as defined in the Settlement, because he applied to the Fund. This Court should deny the Motion to Intervene and direct Mr. Barber to follow the procedures outlined in the Settlement.

The Motion to Intervene suffers from at least two defects. First, although Mr. Barber purports to bring the motion under Fed. R. Civ. P. 24(a)(1), that rule governs only intervention by potential parties who have an "an unconditional right to intervene" under a federal statute. Mr. Barber has not identified any federal statute granting him that right. Furthermore, Mr. Barber has not attached "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). While failure to follow this requirement is not *per se* fatal, Mr. Barber's vague descriptions of the grounds supporting his desired intervention and the claims he plans to bring lack sufficient specificity to overcome this defect. *Cf. Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474-75 (9th Cir. 1992) (permitting intervention to modify a protective order despite absence of proposed pleading because "movant describe[d] the basis for intervention with sufficient specificity to allow the district court to rule").

Even construing the Motion to Intervene as one made under Rule 24(a)(2), which requires intervention when the applicant has an interest in "the property or transaction that is the subject of the action," it still fails. A movant seeking to intervene under Rule 24(a)(2) must "demonstrate that (1) [he] has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect [his] interest; (3) the application is

Page 1 –RESPONSE TO MOTION TO INTERVENE

timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). It is the movant's burden to show "that *all* the requirements for intervention have been met." *Id.* (emphasis in original).

Mr. Barber cannot show that disposition of the action may impair or impede his ability to protect his interest. He is a Fund applicant and therefore a member of the Settlement Class that this Court provisionally certified. He is able to exclude himself from the Settlement Class through the procedures set forth in the Settlement Agreement and pursuant to the Court's Order granting preliminary approval.

Moreover, Mr. Barber has not made any argument that he can meet requirements (3) or (4). His motion is almost certainly untimely given the pending settlement, and, if he chooses not to opt out, he can raise any relevant objections to the proposed representation of the class through the Court-approved objection process.[1]

Further, even if Mr. Barber had "a claim or defense that shares with the main action a common question of law or fact" sufficient to justify permissive intervention, that fact would be strongly outweighed by the significant delay or prejudice that will result if intervention is permitted. *See* Fed. R. Civ. P. 24(b)(3). Intervention should not "transform [a] nearly complete action into a second action." *See Scholl v. Mnuchin*, No. 20-cv-05309-PJH, 2021 WL 84487, at *7 (N.D. Cal. Jan. 11, 2021). For that reason, courts in the Ninth Circuit reject intervention when a proposed class action settlement would permit would-be-intervenors "to submit a formal objection in the manner set forth in the notice required to be sent to the settlement class." *Sterrett*

---

[1] Mr. Barber's objections to the settlement, even if timely made, are based on a fundamental misunderstanding of the facts. Mr. Barber claims that The Contingent spent $53,185,880 of the $62 million fund on "administrative costs." The evidence shows, however, that The Contingent spent merely 5% of the Fund, or $3.5 million, to administer it. (Dkt. 48, Declaration of Ben Sand).

Page 2 – RESPONSE TO MOTION TO INTERVENE

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

*v. Sonim Techs., Inc.*, No. 19-cv-06416-MMC, 2020 WL 6342941, at *1 (N.D. Cal. Oct. 29, 2020) (denying intervention even though the Court had not yet granted preliminary approval of the settlement). There is no reason to permit Mr. Barber to upset the carefully-crafted, preliminarily-approved settlement in this case through intervention, given the other avenues available through which he and other potential class members may make their objections known.

The Court also should reject Mr. Barber's attempt to represent his half-sister, as well as certain other relatives (who did not apply to the Fund). Mr. Barber does not represent that he is an attorney, nor does he appear to have an active Oregon law license, based on a search of the Oregon State Bar's publicly available membership directory. *See* ORS § 9.160(1) (prohibiting the unlicensed practice of law). His attempt to represent his half-sister thus fails as a matter of law.

He also makes no showing that he should be granted "next friend" status to represent his allegedly incapacitated relatives under Federal Rule of Civil Procedure 17. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Instead, the putative next friend must present "meaningful evidence" of (1) "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) commitment "to the best interests of the person on whose behalf he seeks to litigate." *Id.* Mr. Barber has not presented any evidence supporting either prong. And even assuming that Mr. Barber's relatives have some viable claim and have been found incompetent under ORS §§ 125.300 *et seq.*, Mr. Barber has not provided any reason

why he would be a more suitable representative than a court-appointed guardian, assuming such a reason exists.[2]

For the foregoing reasons, this Court should deny the Motion to Intervene and allow this case to proceed as originally agreed to by the parties. Mr. Barber is free to exclude himself from the Settlement if he desires, or object to it in due course if he has good cause to do so.

Dated: March 26, 2021

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

SNELL & WILMER L.L.P

By  /s/ Clifford S. Davidson
    Clifford S. Davidson, OSB No. 125378
    csdavidson@swlaw.com
       *Special Assistant Attorney General*
    Kelly H. Dove, OSB No. 082165
    Alexix G. Terríquez (*pro hac vice*)
    aterriquez@swlaw.com

    Fay Stetz-Waters, OSB No. 071789
    Fay.stetz-waters@doj.state.or.us
    Sheila H. Potter, OSB No. 993485
    Sheila.potter@doj.state.or.us

---

[2] Multiple cases (including one in this Court) indicate that there might be concerns as to whether Mr. Barber would be a good candidate to represent an incapacitated relative. *See, e.g., Barber v. Oregon*, No. 3:19-cv-01631-YY, 2019 WL 584057 (Nov. 5, 2019) (Immergut, J.) (cataloguing Mr. Barber's filings in this District and dismissing Mr. Barber's *pro se* complaint, which he filed against 25 states, the District of Columbia, Judge Simon and Magistrate Judge Acosta in an effort to challenge "revenge porn" statutes such as the one pursuant to which a jury convicted him); *Barber v. Vance*, No. 3:16-CV-2105-AC, 2016 WL 6647936, at *1 n1 (D. Or. Nov. 9, 2016) (Simon, J.) (denying Mr. Barber's motion to enjoin his prosecution in Washington County under "revenge porn" statute in connection with *pro se* complaint for damages under First Amendment); *State v. Benjamin Jay Barber*, Washington County No. 16CR46339 (Mr. Barber convicted on five counts of violating ORS 163.472 by unlawfully disseminating an intimate image and found to have violated his probation on several occasions); *see also* "Deputies: Man on the run after 'revenge porn' conviction caught in Portland," *available at* https://www.kptv.com/archives/deputies-man-on-the-run-after-revenge-porn-conviction-caught-in-ne-portland/article_64ec853a-ba9d-579e-b592-dbe1dc2a5855.html (accessed Mar. 25, 2021).

Page 4 – RESPONSE TO MOTION TO INTERVENE

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

*Attorneys for Defendants State of Oregon, Oregon Department of Administrative Services, and Katy Coba, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services*

Dated: March 26, 2021    By /s/ Bradley Benbrook
Bradley Benbrook (*pro hac vice*)
Stephen M. Duvernay (*pro hac vice*)
Benbrook Law Group, PC
400 Capitol Mall, Suite 2530
Sacramento, California 95814
(916) 447-4900 (phone)
(916) 447-4904 (fax)
brad@benbrooklawgroup.com

Jonathan F. Mitchell (*pro hac vice*)
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

James L. Buchal, OSB No. 921618
Murphy & Buchal LLP
P.O. Box 86620
Portland, Oregon 97286
(503) 227-1011 (phone)
(503) 573-1939 (fax)
jbuchal@mbllp.com

*Attorneys for Plaintiffs Great Northern Resources, Inc., Dynamic Service Fire and Security, LLC and Walter Van Leja*

Dated: March 26, 2021            SCHWABE, WILLIAMSON & WYATT, P.C.

           By /s/ Amanda T. Gamblin
              Amanda T. Gamblin, OSB No. 021361
              agamblin@schwabe.com
              Nika F. Aldrich, OSB No. 160306
              naldrich@schwabe.com

           *Attorneys for Defendant The Contingent*

Dated: March 26, 2021            KEATING JONES HUGHES, P.C.

           By /s/ Hillary A. Taylor
              Lindsey H. Hughes, OSB No. 833857
              lhughes@ketingjones.com
              Hillary A. Taylor, OSB No. 084909
              htaylor@keatingjones.com

           *Attorneys for Defendant Black United Fund*

CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, I caused to be served a full and exact copy of the foregoing **JOINT RESPONSE IN OPPOSITION TO MOTION TO INTERVENE FILED BY NON-PARTY BENJAMIN BARBER**, via the court's CM/ECF system, upon the following:

Amanda T. Gamblin    agamblin@schwabe.com

Bradley A. Benbrook    brad@benbrooklawgroup.com

Hillary A. Taylor    htaylor@keatingjones.com

James L. Buchal    jbuchal@mbllp.com

Jonathan F. Mitchell    jonathan@mitchell.law

Lindsey Harris Hughes    asurby@keatingjones.com

Nicholas F. Aldrich, Jr.    naldrich@schwabe.com

Stephen M. Duvernay    steve@benbrooklawgroup.com

I further certify that on the same date, I caused to be served a full and exact copy of the same document, **JOINT RESPONSE IN OPPOSITION TO MOTION TO INTERVENE FILED BY NON-PARTY BENJAMIN BARBER,** via first class mail, postage prepaid, upon the following:

Benjamin Barber
10043 SE 32nd Avenue
Milwaukie, OR 97222

Dated:  March 26, 2021

      *s/ Clifford S. Davidson*
      Clifford S. Davidson, OSB 125378

4838-2249-9554

Page 7 –RESPONSE TO MOTION TO INTERVENE

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800