IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated**,<br><br>Plaintiffs,<br><br>v.<br><br>**KATY COBA, in her official capacity as State Chief Operating Officer and Director of ODAS, OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, THE CONTINGENT, BLACK UNITED FUND OF OREGON, INC., and DOES 1-10**,<br><br>Defendants. | Case No. 20-cv-1866 (Lead Case)<br><br>**ORDER DENYING MOTION TO INTERVENE** |

**IMMERGUT, District Judge.**

Before the Court is *pro se* litigant Benjamin Barber's Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(1). ECF 92. Because Mr. Barber's motion suffers from several defects, it is denied.

PAGE 1 – ORDER

First, although Mr. Barber purports to bring the motion under Fed. R. Civ. P. 24(a)(1), that rule governs only intervention by potential parties who have an "an unconditional right to intervene" under a federal statute. Mr. Barber has not identified any federal statute granting him that right and therefore he will not be permitted to intervene on that basis.

Second, even construing Mr. Barber's motion under Fed. R. Civ. P. 24(a)(2), Mr. Barber's motion fails. In the Ninth Circuit, an applicant seeking intervention "as of right" under Fed. R. Civ. P. 24(a)(2) must demonstrate that four requirements are met: (1) the application for intervention must be timely; (2) the applicant must have a "significant protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Mr. Barber has failed to demonstrate that all four requirements for intervention under Fed. R. Civ. P. 24(a)(2) have been met. First, the Court finds Mr. Barber's motion, made after extensive motions practice and lengthy settlement negotiations by the parties, is untimely. *See United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004) (noting the factors courts weigh in determining whether a motion to intervene is timely). Further, and perhaps most importantly, Mr. Barber has failed to demonstrate that intervention is necessary to protect his legally protected interests. Mr. Barber is a Fund applicant and therefore a member of the proposed Settlement Class. *See* ECF 85-2 at 6–7; ECF 94 at 2. He seeks to intervene "with the proposed settlement" and raises objections to the Class Settlement's terms in his motion. ECF 92 at 1–2. These concerns may be raised and considered by this Court in due course through the objections process set forth in the Settlement Agreement that this Court has already preliminarily approved. ECF 85-2 at 11–12; ECF 94 at 6–7. In addition, if Mr. Barber does not want to be bound by the terms of the settlement, he will be given an opportunity to

opt out and pursue his own claims separately. *See* ECF 85-2 at 11; ECF 94 at 5–6. In sum, intervention is not necessary to protect Mr. Barber's interests, and there are other alternatives open to him which would be less disruptive to the proceedings and to the interests of the settling parties.

Similarly, this Court, in its discretion, finds that permissive intervention under Fed. R. Civ. P. 24(b) would also be improper. *See Southern Calif. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (noting even if the threshold requirements for permissive intervention are met, a court has discretion to deny permissive intervention). Intervention at this stage would prejudice the parties and unnecessarily delay the potential resolution of this case. *See* Fed. R. Civ. P. 24(b)(3).

Finally, although Mr. Barber attempts to bring this motion on behalf of other family members as well, a *pro se* litigant cannot represent the rights of other individual parties. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (holding a *pro se* plaintiff may not pursue claims in a representative capacity on behalf of others); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding a non-attorney "has no authority to appear as an attorney for others than himself"). Therefore, Mr. Barber's attempt to assert the claims of others will not be considered by this Court.

Accordingly, Mr. Barber's Motion to Intervene, ECF 92, is DENIED.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2021.

                                        /s/ Karin J. Immergut
                                        Karin J. Immergut
                                        United States District Judge