Shawn M. Lindsay
shawn@hbclawyers.com
HARRIS BERNE CHRISTENSEN, LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
(503) 968-1475

Michael E. Rosman, *pro hac vice*
rosman@cir-usa.org
Michelle A. Scott, *pro hac vice*
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

Attorneys for Plaintiff Cocina Cultura, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC, | Case No.: 3:20-cv-01866-IM (Leading Case) |
| Plaintiff, | |
| | Case No: 3:20-cv-02022-IM (Trailing Case) |
| v. | |
| KATY COBA, et al. | |
| Defendants. | |

COCINA CULTURA, LLC,

                              Plaintiff,

v.

STATE OF OREGON, et al.

                              Defendants.

**PLAINTIFF COCINA CULTURA'S
OPPOSITION TO STATE DEFENDANTS'
MOTION  TO STAY DISCOVERY**

Beginning on February 5, 2021 and continuing on February 23, 2021 and February 26, 2021, Plaintiff conferred with counsel for all defendants, agreed to a proposed case schedule and discovery plan, and submitted the Rule 26 Report to the Court.  Doc. Nos. 87, 92.  Now, almost two months later, State Defendants seek to set aside the entire case schedule they previously agreed to and stay discovery indefinitely.

**I.      State Defendants are not asking for a simple finite delay.**

State Defendants are disingenuous in their claim that a stay until the "Effective Date" of the settlement is a "finite delay" of only four months.  Def. Mot. at 7-8.  And in fact, they repeat this mischaracterization throughout their motion, referring to the delay they seek as a "temporary stay," "a delay of four months," a "finite delay," and a "modest stay."  Def. Mot. at 2, 3, 6, 7, 8.  Yet, make no mistake—State Defendants seek a stay until the Effective Date of the Settlement, and, as the Settlement Agreement itself contemplates, the Effective Date is the "second business day after *all* of the following events have occurred" (emphasis added) including, *inter alia*

> c. The time for seeking rehearing or appellate or other review of the Final Approval Order has expired, and no appeal or petition for rehearing or review has been timely filed; *or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.*

2

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery

*Great Northern Resources, Inc. v. Coba*, 3:20-cv-01866-IM (L), Doc. No. 94; Def. Mot. at

4. (emphasis added). Obviously a stay through the Effective Date of the settlement

could extend far longer than the "approximately four months" (Def. Mot. at 2) that State

Defendants refer to. Should a class member object to the settlement, and pursue appeals

to the Ninth Circuit, or a *writ of certiorari* in the Supreme Court, the stay the State

Defendants request for could effectively last years.[1]  In the spirit of compromise, Plaintiff

offered to proceed with written discovery but forego deposing State Defendants'

witnesses until after June 21, 2021, which State Defendants refused. State Defendants'

offer to schedule a status conference shortly after June 21, 2021, to discuss whether or

not to lift the stay is a nonstarter. As explained *infra*, the burden to establish the

necessity of a stay rests entirely on the State Defendants. If State Defendants seek a stay

until June 21, 2021, they should say so. And if they seek a stay beyond that, as the

---

1. Objections are quite plausible. The settlement provides named plaintiff Great
Northern Resources, with an incentive payment of $20,000, giving it almost twice the
payment of any class member with similar ($25,000) damages. Settlement Agreement ¶¶
45, 87. *E.g.*, *Flores v. ADT LLC*, 2018 U.S. Dist. LEXIS 226730, *6 (E.D. Cal. March
19, 2018) (reducing $7500 service award to $5000); *Richardson v. THD At-Home
Services, Inc.*, 2016 U.S. Dist. LEXIS 46784, *38, *41 (E.D. Cal. April 5, 2016) (noting
that $20,000 exceeded presumptively valid "enhancement award" in Ninth Circuit of
$5000, and reducing it to $15,000); *In re Heritage Bond Fund Litigation*, 2005 U.S. Dist.
LEXIS 13555, *57 (C.D. Cal. June 10, 2005) (finding requested incentive awards
excessive and reducing them to $5000 to $15,000). Here, while the class representative
appears to have obtained a good recovery for the class, the facts still remain that its case
settled just a few months after it commenced, there was no discovery, and there has been
no evidence submitted to describe its efforts on behalf of the class.

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery

current motion plainly has the potential to do, they have the burden to show the necessity

of such a stay.

**II.     Defendants have not satisfied their burden to show good cause for a
complete and indefinite stay of discovery.**

A party seeking to stay discovery carries a "heavy burden" of making a strong

showing why the discovery process should be halted.  *Turner Broad. Sys., Inc. v.*

*Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (denying motion for complete stay

of discovery but granting limited protective order pending a motion to dismiss).  *See also*

*Bock v. Steelman*, 2020 U.S. Dist. LEXIS 220269, *6 (D. Nev. Nov. 24, 2020) (denying

motion to stay discovery but limiting discovery to certain issues pending resolution of a

motion for reconsideration).  Under Fed. R. Civ. P. 26(c), this Court "may make any

order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense. . . ."  But Fed.R.Civ.P.26(c)(1) also requires

that the moving party show good cause.   The burden to show good cause is heavy as

well.  It is satisfied by "demonstrating harm or prejudice that will result from the

discovery."  *Rosenstein v. Clark Cnty. Sch. Dist.*, 2014 U.S. Dist. LEXIS 85019 at *7 (D.

Nev. June 23, 2014).

Satisfying the "good cause" obligation is a challenging task.  Here, "the

moving party must show a particular and specific need for the protective order, as

opposed to making stereotyped or conclusory statements."  *Gray v. First Winthrop Corp.*,

133 F.R.D. 39, 40 (N.D. Cal. 1990) (denying a motion to stay where the proponent made

4

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery

conclusory arguments that a class was not likely to be certified) citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975).

While extensive discovery requests may in certain cases provide grounds for a protective order limiting discovery; here, the State Defendants have not asked for limits or tailored relief from any particular type of discovery.  Rather, they seek a total stay of all discovery for an indefinite, and possibly quite lengthy, period of time. Finally, while Fed.R.Civ.P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order.  *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) citing *Lehnert v. Ferris Faculty Association-MEA-NEA*, 556 F. Supp. 316, 319-20 (W.D. Mich. 1983) (denying protective order on the basis of undue burden where first amendment rights were at stake).

### III.     Prompt discovery would not be duplicative.

The State Defendants claim that searching for documents responsive to Plaintiff's requests now would necessarily render any later requests by Great Northern Resources duplicative.  Def. Mot. at 6.  Nevertheless, as State Defendants acknowledge in their moving papers, they have already conducted searches for all 11 of Plaintiff's documents requests and culled the responsive documents.  Def. Mot. at 2 n.2.   State Defendants fail to explain why producing these documents now would create an undue burden.

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery

Moreover, State Defendants can easily avoid duplication of effort by providing copies of the responsive documents to Great Northern Resources as well. This would aid Great Northern Resources in narrowing (and may actually eliminate) any requests they make in the future. And to the extent that Great Northern Resources' requests turn out to be duplicative, the State Defendants remain free to object or to seek a more general protective order from this Court precluding Great Northern Resources from engaging in discovery duplicative of the discovery already taken in this case.

### III.    The Debate Clause Does Not Warrant A Stay.

The State Defendants claim that some legislators would be protected from discovery under Oregon's Debate Clause. Of course, this Court is not bound by a provision of Oregon law. *See Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003) (holding that Supremacy Clause preempted similar provision of New York State Constitution). In any event, state legislators are not parties to this litigation, and Plaintiff does not expect to interrupt a legislator's work. In fact, Plaintiff offered to forego depositions of State Defendants until after June 21, 2021, and State Defendants did not ask for a stay of depositions to any date certain, such as the date the legislative session ends or any other definite date. And the State Defendants, or a legislator, can always seek a protective order if circumstances warrant. The Debate Clause does not warrant a general stay.

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court deny the State

Defendants' Motion for a Stay until the Effective Date of the Settlement.


Respectfully submitted,

Dated:  April 5, 2021


Shawn M. Lindsay
shawn@hbclawyers.com
HARRIS BERNE CHRISTENSEN, LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
(503) 968-1475

*/s/ Michelle A. Scott*
Michael E. Rosman *pro hac vice*
rosman@cir-usa.org
Michelle A. Scott, *pro hac vice*
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

Attorneys for Plaintiff Cocina Cultura, LLC

7

Plaintiff's Opposition to State
Defendants' Motion to Stay
Discovery