**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; BLACK UNITED FUND OF OREGON and DOES 1-10,

Defendants.

Case No.: 3:20-cv-01866-IM (Lead Case)
Case No.: 3:20-cv-02022-IM (Trailing Case)

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Hearing Date: June 21, 2021
Time: 2:00 p.m.
Judge: Hon. Karin J. Immergut

This matter came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement, ECF 107 ("Final Approval Motion").

On March 19, 2021, the Court entered an Order Preliminarily Approving Class Action Settlement and Notice Procedures and Setting Final Approval Hearing ("Preliminary Approval Order"). ECF 94. In the Preliminary Approval Order, the Court (1) preliminarily approved the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class; (2) preliminarily certified the Settlement Class; appointed Plaintiff Great Northern Resources, Inc. as Class Representative; (3) appointed Class Counsel; (4) appointed a Settlement Administrator; (5) approved the forms and methods of disseminating information about the Settlement and requested attorney's fees, costs, and service awards and found them to constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules; (6) established procedures for Class Members to make claims, opt out, or object to the Settlement and requested attorney's fees, costs, and service awards; (7) established deadlines for the filing of a motion for final approval of the Settlement and motion for attorney's fees, costs, and service awards; and (8) scheduled a Final Approval Hearing for June 21, 2021, for the Court to determine whether the Settlement should be finally approved and judgment entered thereon.

The Final Approval Hearing having been held on June 21, 2021, after notice to the Class, and the Court having fully considered Plaintiffs' Motion for Final Approval of Class Action Settlement and Memorandum in Support, as well as the submissions in support thereof, and all papers filed or submitted to the Court in connection with the proceedings in these actions, and good cause appearing therefore, the Court hereby GRANTS final approval of the proposed class action settlement previously filed with the Court, ECF 85-2 at 1-33 (the "Settlement"), in this case as follows:

1. Defined Terms. Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Settlement.

2. Jurisdiction. The Court has personal jurisdiction over all parties to the Settlement Agreement and over all members of the Settlement Class, subject matter jurisdiction over the claims asserted by the Settlement Class, and venue is proper.

3. Settlement Terms. The Settlement is finally approved as being a fair, reasonable, and adequate class action settlement. In making this determination, the Court has considered the current posture, duration, complexity, likelihood of success, and expense of this litigation, as well as the risks and benefits to the Settling Parties involved in both settlement of these claims and the continuation of the litigation. The Court further finds that the Settlement was the result of arm's-length negotiations conducted after Class Counsel adequately investigated the claims of the named Plaintiff and the Class and became familiar with the strengths and weaknesses of the claims in the litigation, and the risks attendant to continued prosecution of those claims. The assistance of Judge Mosman in the settlement process further supports the Court's conclusion that the Settlement is fair. The Settlement also offers substantial benefits to the Class. The amount offered in settlement and the Settlement Class's reaction to the settlement—four valid opt-outs and no objections out of nearly 1,200 Class Members—also weigh in favor of granting Final Approval of the Settlement. The proposed method of distributing relief to the class is effective, the terms of the proposed award of attorney's fees is adequate, and the Settlement treats class members equitably relative to each other. The Settlement fully satisfies the requirements set forth in Federal Rule of Civil Procedure 23(e)(2), and the Parties are directed to consummate and implement the Settlement in accordance with its terms and provisions.

4. Class Certification. The Court confirms the proposed Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, as found in the Preliminary Approval Order, and hereby certifies the following class for settlement purposes:

> All individuals, businesses, and nonprofits that submitted applications for funding to the Fund and/or The Contingent prior to December 9, 2020, and that have not indicated on their applications that they identify as Black, are a Black-owned

business, or are a Black-focused organization.

The Court reaffirms its findings set forth in Paragraph 4 of the Preliminary Approval Order, including (1) that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied; (2) that the Court need not consider manageability issues that might be presented by a trial in this case; and (3) that the settlement is reasonable. The Court finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy for substantially the same reasons. The Court has considered the class members' interests in individually controlling the prosecution of separate actions; the extent and nature of any litigation concerning the controversy already begun by class members; the desirability of concentrating the litigation in this forum; and the likely difficulties in managing a class action. The Court notes the trailing case in this action is brought by Cocina Cultura, LLC, an entity which has timely excluded itself from this Settlement. This Court finds that the Class is substantially cohesive, the prosecution of the action through representatives is unobjectionable, and the amounts at stake might be too small to make separate suits practicable. This Court further finds that concentrating these claims in this forum is proper given the geographic context and subject matter of the suit. Lastly, as explained in the Preliminary Approval Order, problems of management are unlikely to arise in the conduct of this class action given this Settlement.

5. Class Representative. The Court confirms the appointment of Great Northern as class representative on behalf of the Settlement Class.

6. Class Counsel. The Court confirms the appointment of the following counsel as Class Counsel:

BENBROOK LAW GROUP, PC
Bradley Benbrook
Stephen M. Duvernay
400 Capitol Mall, Suite 2530
Sacramento, California 95814

MITCHELL LAW PLLC
Jonathan F. Mitchell
111 Congress Avenue, Suite 400
Austin, Texas 78701

MURPHY & BUCHAL LLP
James L. Buchal
3425 SE Yamhill Street, Suite 100
Portland, Oregon 97214

The Court finds that Class Counsel satisfy the requirements of Federal Rule of Civil Procedure 23(g). Class Counsel are qualified and experienced constitutional litigators with substantial experience handling class actions and constitutional litigation, and they have fairly and adequately represented the Class throughout the litigation. Class Counsel performed extensive work identifying and investigating the claims in this action, vigorously litigated the complex legal issues before the Court, and extensively negotiated a complicated settlement that will provide significant monetary relief to members of the Settlement Class. Class Counsel devoted the appropriate amount of resources to litigate this relatively brief but intense case.

7. Notice Program. The Parties have fully implemented the procedures for notice to the Class pursuant to the Settlement and the Preliminary Approval Order. The Court confirms that the form and content of the Class Notice and the Notice Program set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2), 23(e), and 23(h); fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances; fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; and afforded Class Members with adequate time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.

8. Objections. No objections to the Settlement have been brought to the Court's attention.

9. Exclusion from Settlement Class. The Court finds that the three individuals and one entity identified in Exhibit A to this Order have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded from the Settlement Class and are not bound by the Settlement or any of the terms or provisions contained therein. Nor are they entitled to any

recovery of the settlement proceeds obtained through the Settlement.

10. Administration of Settlement. The Parties and the Settlement Administrator are authorized to implement the terms of the Settlement.

11. Dismissal by Settlement Plaintiff. As provided in the Settlement, the Court orders that Plaintiff Great Northern Resources, Inc.'s claims against all defendants are hereby dismissed with prejudice.

12. Release. As provided in Section XI of the Settlement, the Settling Defendants and Released Parties are released from the Released Claims. The releases reflected in this Order have the scope provided for in the Settlement. Those who have submitted valid Requests for Exclusion as reflected in paragraph 9 above are not bound by the releases set forth in the Settlement and reflected in this Order.

13. Disbursal of GNR Deposit. The Court orders that the Clerk of Court shall withdraw and disburse the balance of the GNR Deposit that remains on deposit with the Court as follows:

- All remaining funds net of any Court Registry Investment System fee assessment, if applicable, shall be disbursed to The Contingent DBA Portland Leadership Foundation (the "Payee").
- The funds shall be electronically transferred to Payee's bank account as listed on the Payee's completed AO 213P Request for Payee Information and TIN Certification submitted to the Court's financial department.
- The Clerk of Court is absolved of any liability by compliance with this Order.
- The Contingent shall hold the balance of the GNR Deposit until the Effective Date as defined in the Settlement, after which time The Contingent may disburse such funds pursuant to the Grant Agreement between The Contingent and the Oregon Department of Administrative Services.

14. Reservation of Jurisdiction. Without affecting the finality of this Order, the Court hereby reserves continuing and exclusive jurisdiction over all matters relating to the

administration, consummation, validity, enforcement, and interpretation of the Settlement, the Final Approval Order and Judgment, any final order approving the Fee and Expense Award and service awards, and for any other purpose.

15. The Court shall enter a judgment consistent with this Order.

IT IS SO ORDERED.

DATED this 22nd day of June, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

**EXHIBIT A**

The following Class Members have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded from the Settlement Class:

1. Nimalsiri Pallebage Kapuralalage
2. Didina Fakashchuk
3. Anna Fakashchuk
4. Cocina Cultura LLC, dba Revolucion Coffee House