# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; THE CONTINGENT; BLACK UNITED FUND OF OREGON and DOES 1-10,<br><br>Defendants. | Case No.:  3:20-cv-01866-IM (Lead Case)<br>Case No.:  3:20-cv-02022-IM (Trailing Case)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARD FOR PLAINTIFF GREAT NORTHERN RESOURCES, INC.**<br><br>Hearing Date: June 21, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Karin J. Immergut |

This matter came before the Court on Plaintiff's Motion for Final Approval of Attorney's Fees, Expenses, and Service Award for Plaintiff Great Northern Resources, Inc, ECF 110 ("Fee Motion"). For the reasons stated below, Plaintiff's Motion is granted as follows: Class Counsel are awarded $197,813.60 in attorney's fees and $502 in costs, and Plaintiff Great Northern Resources, Inc. is awarded a service award of $10,000.

## BACKGROUND

On March 19, 2021, the Court entered an Order Preliminarily Approving Class Action Settlement and Notice Procedures and Setting Final Approval Hearing ("Preliminary Approval Order"). ECF 94. In the Preliminary Approval Order, the Court (1) preliminarily approved the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class; (2) preliminarily certified the Settlement Class; appointed Plaintiff Great Northern Resources, Inc. as Class Representative; (3) appointed Class Counsel; (4) appointed a Settlement Administrator; (5) approved the forms and methods of disseminating information about the Settlement and requested attorney's fees, costs, and service awards and found them to constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules; (6) established procedures for Class Members to make claims, opt out, or object to the Settlement and requested attorney's fees, costs, and service awards; (7) established deadlines for the filing of a motion for final approval of the Settlement and motion for attorney's fees, costs, and service awards; and (8) scheduled a Final Approval Hearing for June 21, 2021, for the Court to review the fee motion. The Preliminary Approval Order set a deadline of May 12, 2021, for Plaintiff to file a motion for final approval of the Settlement and an application for attorneys' fees, costs, and expenses and for the Service Award. ECF 94 at ¶ 7. The deadline for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses was May 28, 2021. *Id.* at ¶ 6.

The Settlement Administrator began sending notice to the 1,155 Class Members on April

8, 2021. *See* ECF 109 at ¶¶ 4-8; *see also* ECF 108 at 9, 26-32 (notice sent to Class Members, which included settlement information website address and stated that Settling Defendants would not object to fees and expenses of up to $185,945.00). Also on May 12, 2021, Plaintiff filed the Motion for Final Approval of Class Settlement, ECF 107; Declaration of Victoria Urdaneta regarding notice mailing, ECF 109; Motion for Approval of Attorney's Fees, Expenses, and Service Award, ECF 110; and Joint Declaration of Class Counsel in support of the two motions, ECF 108.[1] Class counsel's joint declaration provided a summary of time expended, requested fees, and tasks performed for each attorney. ECF 108 at 16-22. Counsel requested a total fee award of $178,452.20 and expenses reimbursement of $1,402.00. They also stated their intention to submit an updated declaration reflecting later work. ECF 108 at ¶¶ 28-29. On May 13, 2021, the Settlement Administrator posted copies of those May 12, 2021 filings on the Settlement Website. ECF 115 at ¶ 5. The deadline for Class Members to request exclusion or to object to the Settlement was a postmark deadline of May 28, 2021. ECF 109 at ¶¶ 9-10. The Settlement Administrator ultimately received four timely and valid requests for exclusion and no objections, timely or otherwise. *Id.*; ECF 115 at ¶¶ 3-4.

On June 11, 2021, class counsel filed a Supplemental Joint Declaration in support of Plaintiff's Motion for Final Approval and Motion for Award of Attorney's Fees and Reimbursement of Expenses. ECF 114. Class counsel requested an additional $19,361.40 in fees for work done after filing the prior motion for fees (and 0.2 hours of work previously omitted due to a clerical error), as well as additional expenses reimbursement, subject to some adjustments depending on whether this Court would ultimately hold an in-person final approval hearing. ECF 114 at ¶¶ 9-12.

The Final Approval Hearing was held on June 21, 2021, after notice to the Class.

## DISCUSSION

---

[1] Also filed on May 12, 2021 were the Declaration of Tad Houpt in support of Great Northern's Motion for Service Award, ECF 111, and the Declaration of Clifford S. Davidson in support of the Motion for Final Approval, ECF 112.

The Court having fully considered Plaintiffs' Fee Motion and Memorandum in Support, as well as the declarations and submissions in support thereof, and all papers filed or submitted to the Court in connection with the proceedings in these actions, and good cause appearing therefore, the Court hereby ORDERS and finds as follows:

**1.     Class Counsel's Attorney's Fees And Expenses.**

The Court has considered Class Counsel's Fee Motion along with the declarations submitted by Counsel setting forth their time and expenses incurred in connection with this litigation.

Pursuant to Rule 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $197,813.60 as an award of reasonable attorney's fees to be paid in accordance with the Settlement Agreement. The Court finds this amount of fees fair and reasonable based on the lodestar method. The Court also finds that notice to Class Members regarding these fees, the facts of which the Court finds above in this Order, satisfies the requirements set forth in Rule 23(h).[2]

Where, as here, the court considers the settlement of a federal civil rights lawsuit, the "lodestar method" is appropriate because "the relief sought – and obtained – is often primarily injunctive in nature and thus not easily monetized, but . . . the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citations omitted). Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours

---

[2]     The Court received supplemental briefing from Class Counsel on the applicability of *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010), to their supplemental joint declaration in support of their previously filed fees motion. ECF 121. The Court finds Class Counsel's arguments persuasive. In particular, the attorney's fees and costs in this case, unlike in *In re Mercury*, are not being paid out of the Settlement Fund, which is set aside for Class Members. Accordingly, Class Members are not affected by the attorney's fees and expense award. In addition, the Class Members and Defendants received notice that Class Counsel would seek additional fees for work performed between the filing of the initial fee petition and the fairness hearing. Moreover, at the final approval hearing, Defendants' counsel expressed no opinion or objection to the requested fees. Accordingly, this Court awards the fees requested in Class Counsel's supplemental briefing, bringing the total fees to $197,813.60. *See generally* ECF 114; ECF 121.

the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).

## Hourly Rates

In support of the lodestar calculation, the Court finds that the hourly rates sought by Class Counsel for their work in this matter are reasonable:

| Attorney | Years of Experience | 75th/95th Percentile in 2017 Survey | CPI Adjustment[3] | Rates Sought for Lodestar |
|---|---|---|---|---|
| Mitchell | 20 | $400/$500 | $437/$546 | $537 |
| Benbrook | 27 | $475/$525 | $519/$573 | $490 |
| Duvernay | 13 | $375/$460 | $409/$502 | $390 |
| Buchal | 35 | $495/$610 | $541/$666 | $450 |

The reasonableness of the hourly rates is confirmed by comparison with the 2017 Oregon State Bar Economic Survey for lawyers in the Portland area adjusted for inflation. The rates are justified by the attorneys' experience, the novelty and complexity of the issues in the case, and the quality of their performance, and they are consistent with rates recently approved within this District. *See, e.g.*, *Brady Mktg. Co. Inc. v. Kai U.S.A. Ltd.*, No. 3:16-cv-1878-MO, 2018 WL 3377083, at *3 (D. Or. July 11, 2018) (noting that awarding "the 75th percentile rate . . . is the usual practice of this district" and finding counsel demonstrated that award over 95th percentile was warranted); *Topness v. Cascadia Behav. Healthcare*, No. 3:16-cv-02026-AC, 2018 WL 1015536, at *4 (D. Or. Feb. 22, 2018) ("An award of higher than the 75th percentile is justified by [counsel's] substantial experience in a complex area of law and by his recognized expertise in this area."); *Turner v. Oregon by & through Dep't of Justice*, No. 04-276-KI, 2006 WL 8459220, at *2 (D. Or. Sept. 28, 2006) (approving hourly rates at 95th percentile of the economic survey

---

[3] These adjustments reflect the difference between December 2017 (when the economic survey was published) and May 2021, using the Bureau of Labor Statistics' online CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm.

because "counsel [was] highly experienced" and "the constitutional issues in this case were quite complex").

### Number of Hours

The Court has reviewed the joint declaration of Class Counsel and is satisfied that the number of hours requested by Class Counsel is reasonable.  In a short period of time, this litigation generated significant motion practice covering complex constitutional issues.  In addition, the parties' submissions show that settlement negotiations were extensive and complicated in light of the multi-party nature of the suit.

|  | Rate | Total | Fees |
|---|---|---|---|
| Jonathan F. Mitchell | $537 | 52.8 | $28,353.60 |
| Bradley A. Benbrook | $490 | 206.3 | $101,087.00 |
| Stephen M. Duvernay | $390 | 164.7 | $64,233.00 |
| James L. Buchal | $450 | 9.2 | $4,140.00 |
| **Total** |  | **433** | **$197,813.60** |

### Expenses

The Court finds that Plaintiff is entitled to recover $502 in expenses for the filing fee and service expenses.[4] *See* ECF 108 at 9, 24; ECF 114 at 4. Filing fees and process-serving costs are recoverable.  *See U.S. Bank Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. v. Edwards*, No. 3:16-cv-01307-AC, 2019 WL 2331704, at *8 (D. Or. Mar. 14, 2019) ("service fees and filing fees are recoverable under § 1920"); *Skedco, Inc. v. Strategic Operations, Inc.*, No. 3:13-cv-00968-HZ, 2016 WL 8678445, at *13 (D. Or. Apr. 1, 2016) (service fees); *Sponer v. Wells Fargo Bank N.A.*, No. 3:17-cv-02035-HZ, 2020 WL 2061829, at *3 (D. Or. Apr. 28, 2020) (filing fees).

**2.      Service Award to Plaintiff Great Northern Resources, Inc.**

---

[4] Class Counsel also move for $900 in pro hac vice fees pursuant to 28 U.S.C. § 1920. ECF 110 at 17-18; ECF 108 at 24. Pro hac vice fees are not recoverable under § 1920 in the Ninth Circuit. *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013); *see also Christian v. Umpqua Bank*, No. 3:16-CV-01938-BR, 2018 WL 3364658, at *2 (D. Or. July 10, 2018) (finding same). The Court accordingly declines to award those costs.

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (emphasis omitted). Service awards "are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958–59 (internal citation omitted). Courts evaluate service awards "using relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation[,] and reasonable fears of . . . retaliation." *Staton v. Boeing, Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citation and internal quotations omitted).

"To determine the reasonableness of a service award, courts consider the proportionality between the service award and the range of class members' settlement awards. In this Circuit, an award of $5,000 is presumptively reasonable." *Nelson v. Avon Prod., Inc.*, No. 13-cv-02276-BLF, 2017 WL 733145, at *7 (N.D. Cal. Feb. 24, 2017) (internal citations omitted); *see also Gaudin v. Saxon Mortg. Servs., Inc.*, 2015 WL 7454183, at *10 (N.D. Cal. Nov. 23, 2015) (collecting cases). Courts may also consider risks of commencing suit, notoriety and personal difficulties encountered, amount of time and effort expended, duration of the litigation, and personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Boring v. Bed Bath & Beyond of California Ltd. Liab. Co.*, No. 12-cv-05259-JST, 2014 WL 2967474, at *3 (N.D. Cal. June 30, 2014) (citations omitted). Courts in this Circuit "routinely grant requests for an award over $5,000 where the particular circumstances warrant such an award." *Nelson*, 2017 WL 733145, at *7.[5]

---

[5] Plaintiff did not suggest an average settlement award for class members, though at the final fairness hearing Class Counsel stated that individuals could receive between $1,000 and $3,000 and businesses could receive up to $100,000. The Fund appeared to receive substantially more applications from individuals and families than from businesses. *See* ECF 48 at ¶ 7 (The Contingent CEO declaration providing that as of December 16, 2020, the Fund "received nearly 500 applications from businesses and nearly 10,000 applications from individuals and families"). While Great Northern is a business, given the dramatic and uncertain range of possible recoveries for Class Members, this Court finds that using the average settlement award in determining service fee proportionality is appropriate. The Court infers, as Class Counsel

Here, this Court finds that a $10,000 service award is reasonable to reflect the time and energy expended, as well as risks incurred, by Plaintiff Great Northern in connection with this case. As for time and energy expended, Plaintiff's President, Mr. Houpt, "spent well over 50 hours in connection with this lawsuit" by talking on the phone with his attorneys, reviewing drafts of materials, assembling requested information, and attending a day-long settlement conference. ECF 111 at ¶ 10. Nevertheless, this action settled relatively early, and Mr. Houpt did not attend any depositions nor engage in any discovery. As for efforts to protect the class and resulting benefits, Mr. Houpt acted to protect the class's interests by agreeing to serve as Class Representative even after Defendants deposited $200,000 to secure Plaintiff's financial interest in the event Plaintiff went on to win its lawsuit. *See* ECF 18 at 6-7. The Class greatly benefited from those actions by obtaining this Settlement. As for reasonable fears of retaliation, Mr. Houpt states that he received threatening phone calls connected to this litigation. ECF 111 at ¶ 9.

Based on the above factors, this Court finds that $10,000 is a proper incentive award in this case. *Cf. Moore v. PetSmart, Inc.*, No. 5:12–cv–03577–EJD, 2015 WL 5439000, at *13 (N.D. Cal. Aug. 4, 2015) (awarding $10,000 service awards to named plaintiffs who actively participated in litigation and "incurred the additional risk of fearing retaliation by" the defendant); *Boring*, 2014 WL 2967474, at *3 (awarding $7,500 where plaintiff risked retaliation, travelled to mediation, and signed a general release that was broader than the release that applied to the class); *Nelson*, 2017 WL 733145, at *7 (awarding $10,000 to lead plaintiff who "invested significant time and energy and suffered some risk to her professional reputation by participating in th[e] action as lead plaintiff").

**Conclusion**

The Court GRANTS the Fee Motion and ORDERS the following:

1. Class Counsel are awarded $197,813.60 in attorneys' fees and $502 in expenses.

---

suggested at the hearing, that because the Settlement Fund amount will be approximately $3.5 million and there are about 1,150 non-excluded Class Members, the average settlement award will be roughly $3,043.50. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 336 n.4 (N.D. Cal. 2014) (calculating its own estimate); ECF 108 at 30; ECF 109 at ¶¶ 4-9, ECF 115 at ¶ 3.

2.  Plaintiff Great Northern Resources, Inc. shall receive a $10,000 service award, to be paid in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED this 24th day of June, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge