Shawn M. Lindsay
shawn@hbclawyers.com
HARRIS BERNE CHRISTENSEN, LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
(503) 968-1475

Michael E. Rosman, *pro hac vice*
rosman@cir-usa.org
Michelle A. Scott, *pro hac vice*
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

Attorneys for Plaintiff Cocina Cultura, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREAT NORTHERN RESOURCES, INC, <br><br> Plaintiff, <br><br> v. <br><br> KATY COBA, et al. <br><br> Defendants. | Case No: 3:20-cv-01866-IM (Leading Case) <br><br> Case No: 3:20-cv-02022-IM (Trailing Case) |
| COCINA CULTURA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF OREGON, et al. <br><br> Defendants. | Plaintiff Cocina Cultura's Opposition to Defendants' Motion for Partial Summary Judgment |

I. **Introduction**

This is not a case in which the challenged statute has been deliberately repealed by the legislature, rendering a claim challenging it moot. On the contrary, in this case, the expiration of the Oregon Cares Fund for Black Relief and Resilience ("the Fund") was followed shortly thereafter by the state of Oregon's receipt of another $2.6 billion dollars in federal funds under the American Rescue Plan Act (discussed in more detail *infra* at part IV). This further economic stimulus, when viewed alongside recent statements by Oregon legislators and the Governor, makes it more than possible that the legislature will revisit the same action that Plaintiff challenges in this litigation, and defendants make no effort to show otherwise. Plaintiff likewise continues to operate her small business and continues to suffer economic damages due to the continuing effects of the pandemic. *See* Garcia Decl. par. 2-4. Plaintiff plans to continue to apply for any and all public and private grants and/or loans that become available to small businesses suffering damages due to the pandemic. *Id.* at par. 5. Because defendants have not shown--indeed, make no effort to show--that there is no reasonable likelihood that Plaintiff will likely suffer the same harm from the state's discriminatory administration of the next round of covid relief, her claims for declaratory and injunctive relief are not moot and this Court should deny Defendants' motion. In the alternative, because Plaintiff has had the opportunity to conduct very limited discovery, this Court should deny Defendants' motion as premature, or forego ruling on it until discovery has proceeded.

1

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

## II. Defendants fail to satisfy the heavy burden to establish mootness.

Defendants assert that "[m]ootness is often described as 'the doctrine of standing set in a time frame.'" Dfs' Mot. 8 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 170 (2000)). Page 170 from that opinion is actually part of the syllabus, which, as the Supreme Court repeatedly notes at the start of each decision, "constitutes no part of the opinion." Moreover, *Friends of the Earth* specifically noted (in both the syllabus *and* the actual decision) that the statement was "not comprehensive," *id.* at 190, and noted some of the important distinctions between standing and mootness. For example, it noted that "the exception to mootness that arises when the defendant's allegedly unlawful activity is 'capable of repetition, yet evading review' could not exist" (*id.*) if mootness was just standing set in a time frame. *See* Part V, *infra*.

The Court's extensive discussion in *Friends of the Earth* about the shift of burdens after a case has commenced--that is, the burden of showing the likelihood of recurrence switching from the party claiming standing to the party claiming mootness--is also quite relevant here. Thus, the Court in *Nelson v. King County*, 895 F.2d 1248 (9th Cir. 1990) (Dfs' Mot. 11) was addressing *standing* (since the plaintiffs were no longer in the alcohol-treatment center about which they complained when the lawsuit commenced), not mootness, and the quote of *Nelson* in *Wise v. City of Portland*, 2021 U.S. Dist. LEXIS 92768 (D. Ore. May 15, 2021) was in a paragraph *about* standing. Here, Defendants do not and cannot challenge Plaintiff's standing to obtain injunctive relief at the time it filed

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

its complaint.  On the question of mootness, it is Defendants' burden to show that there is no reasonable expectation that Fund-like legislation or appropriation will recur.

Defendants' burden problem is exacerbated by the fact that they are moving for summary judgment.  (They do not invoke or mention Rule 12(b)(1).)  While they correctly state that summary judgment is proper when there is no genuine issue of material fact (Dfs' Mot. 7), their motion is bereft of any discussion about who bears the burden of demonstrating that.  And that, of course, is because *they* have the burden of demonstrating the absence of any genuine issue of material fact--a burden which, if they fail to meet it, excuses any response at all from the nonmoving party.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.").  Since they present no evidence whatsoever on the question of whether any of the moneys received from the federal government (or elsewhere) might be spent in a discriminatory fashion in the future, or to demonstrate that there is no possibility of recurrence through similar future legislation, they have not met their burden.

Indeed, even outside the summary judgment context, the party claiming mootness bears a "heavy" burden of proving that claims are moot.  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).  *See also United States v. Grant*, 345 U.S. 629, 633 (1953) ("The burden is a heavy one.").  The burden of proving mootness is upon the party

claiming it regardless of the reason. *Michigan v. Long*, 463 U.S. 1032, 1042 n.8 (1983). To satisfy this heavy burden, a party alleging mootness must demonstrate that (1) subsequent events have made it clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have irrevocably eradicated the effects of the alleged violation. *Davis*, 440 U.S. at 631. *See also Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1274 (9th Cir. 1998); *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). It is the first of these requirements that relates to demands for injunctive relief. In this case, Defendants' attempt to meet their "heavy burden" by simply pointing to the Fund's closure and expiration is insufficient.

### III. Defendants' other arguments are meritless.

Defendants offer two other arguments in support of their motion. First, Defendants assert that Plaintiff was offered the relief it sought--"'injunctive relief precluding defendants from continuing to exclude Plaintiff from the benefits of the Fund because of its owner's race and national origin'" (Dfs' Mot. 14, quoting complaint) in the settlement in the related case. *Id.* ("Through the GNR Settlement, Defendants offered Plaintiff precisely that relief."). They argue that Plaintiff is not entitled to injunctive relief because she did not participate in the settlement. Plaintiff disagrees.

The settlement did not offer Plaintiff the opportunity to participate in "the benefits of the Fund." Rather, it set up a purportedly "separate but equal" fund for non-blacks. This is abundantly clear from paragraph 53 of the settlement:

> The Settlement Administrator will *not* process . . . Applications eligible for funding which satisfy the Fund's race-conscious criteria, as such applications will be processed and funded by The Contingent using Fund moneys.

Dkt. No. 93-2 (emphasis in original).

Thus, the settlement did not open the Fund to all comers regardless of race, as Plaintiff wanted. It set up a dual track program, one fund for blacks, administered by The Contingent--whose chief executive officer testified that he feared his employees would walk out in protest if forced to consider applications from non-blacks (Dkt. No. 140 ¶ 9)-- and a second one, for non-blacks, administered by the Settlement Administrator. That Plaintiff chose not to participate in Defendants' effort to create a separate-but-equal scheme does not preclude her from injunctive relief against future schemes either like that or race-exclusive ones like the Fund.

Second, Defendants appear to argue that the fact that Plaintiff sought relief related to the Fund in her Complaint renders the case moot because the Fund itself is now terminated. Dfs' Mot. 10. But the Fund's expiration does not preclude relief against future similar violations, regardless of the focus of the complaint. Fed. R. Civ. P. 54(c) specifically states that, outside the default judgment context, a final judgment should grant "the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." *See also* Fed. R. Civ. P. 15(b) (court should "freely permit an

5

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

amendment" at trial if doing so would facilitate a judgment on the merits and the opposing party would not be prejudiced); *Kirby v. United States Government, Dep't of Housing and Urban Development*, 745 F.2d 204, 207-08 (3d Cir. 1984) (although plaintiffs initially sought a halt to construction of a building, other relief was available after construction was completed). Here, Plaintiff's complaint sought "[a]ny other relief that is appropriate" (Dfs' Mot. 5, quoting complaint), and Defendants were long ago made aware that Plaintiff would likely seek injunctive relief against future discriminatory schemes. Dkt. No. 72 at 1-2. Moreover, it is early in the litigation, discovery was stayed for months, and Defendants can hardly claim prejudice regarding such relief.

### IV. Additional circumstances demonstrate that Defendants cannot meet their burden of showing that there is no reasonable expectation that the legislature will reenact something similar.

While there is a presumption that the expiration of legislation will render an action challenging that legislation moot, there is, of course, an exception where there is a "reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." *Board of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). As already noted, on this summary judgment motion, it is Defendants' burden to show the absence of a genuine issue of material fact concerning any such "reasonable expectation."

The potential for enactment of the same or similar legislation need not be virtually certain; there only needs to be a "reasonable expectation of reenactment." *Id.* For

6

example, in *City of Mesquite v. Aladdin's Castle, Inc.*, the Supreme Court refused to dismiss an appeal as moot. There, the city had revised the challenged ordinance but the Court found the city was reasonably expected to reenact the offending provisions because it had announced its intention to do so. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.11 (1982). *See also Thomas v. Bryant*, 938 F.3d 134, 144 (5th Cir. 2019) (State's revised boundaries for state senate district did not moot State's appeal of district court's judgment granting injunctive relief because legislation redrawing boundaries specified original boundaries would be reinstated if State prevailed on appeal); *Wilderness Soc'y v. Kane County*, 581 F.3d 1198, 1214 (10th Cir. 2009), *vacated on other grounds*, 632 F.3d 1162 (10th Cir. 2011). (rescission of ordinance permitting off-highway vehicle use of certain land did not moot plaintiff's suit challenging ordinance, because rescission was deliberate attempt to render pending litigation moot and county appeared poised to reenact similar ordinance in future); *American Bankers Ass'n v. NCUA,* 934 F.3d 649, 661 (D.C. Cir. 2019)  ("we see a live dispute because there is no certainty that the [defendant] will forego reinstating the [challenged rule]."

Here, Defendants' own actions in this litigation undermine any effort (had they made one) to demonstrate that the complained-upon conduct is not reasonably likely to recur. First, Defendants (one of which is the State of Oregon) have never conceded that the Fund's racially exclusive provision violated any law. To the contrary, Defendants have insisted (and continue to insist) that the Fund's racially exclusive set aside was perfectly consistent with Title VI, 42 U.S.C. § 1981, and the Equal Protection clause. *See*

7

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

State Defs' Answer par. 16-17, 20-22, 26-27, 29-31. Courts routinely point to assertions of the right to engage in the challenged conduct as evidence that the challenged conduct will likely recur, thus precluding mootness. *See Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-08 (2012) (union's post-certiorari notice to non-union member employees regarding their right to refund of fees did not moot employees' claim concerning need to provide notice, "since the union continues to defend legality of the [challenged] fee, it is not clear why the union would necessarily refrain from collecting similar fees in the future"); *Porter v. Clarke*, 852 F.3d 358, 364-66 (4th Cir. 2017) (challenge to prison conditions was not mooted by changes in those conditions when defendant refused to commit to keeping the new policies in place, to acknowledge that challenged conditions were unconstitutional, or to guarantee it would not return to previous conditions); *EEOC v. College America Denver, Inc.*, 869 F.3d 1171, 1174 (10th Cir. 2017) (assurances of defendant's general counsel that defendant would not take positions known to trouble EEOC with respect to dispute with former employee did not moot EEOC's case in light of defendant's new plan that created potential for defendant to repeat allegedly wrongful behavior); *McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015) (offer of immunity to woman prosecuted under abortion statute did not moot her constitutional challenge to the statute, in part because prosecuting attorney refused to acknowledge statute was unconstitutional); *Cooper v. Charter Communs. Entm'ts I, LLC*, 760 F.3d 103, 107 (1st Cir. 2014) (settlement of damages claim did not moot claim for declaratory relief when defendant continued to assert the right to behave in manner challenged by

8

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

plaintiffs); *Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718, 725 (D.C. Cir. 2012) (defendant's amendment of pension plan to eliminate impermissible backloading did not moot case, in part because defendant continued to assert that plan satisfied ERISA's requirements even without amendment); *Sierra Club v. EPA*, 754 F.3d 995, 998 (D.C. Cir. 2014) (suit challenging EPA memorandum was not moot, because EPA had not yet determined whether instructions in memorandum would continue to apply, so it was not "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur").

Recently, Nkenge Harmon Johnson, one of the Fund's "architects," referred to the Fund as a "narrowly tailored" remedy to address the needs of the black community. *See* Governor Kate Brown on the Oregon Cares Fund Settlement, (March 12, 2021) attached at Scott Decl., par. 2 & Ex. 1. It is well-established that a defendant's failure to recognize the illegality of its old practice is a sufficient basis to establish a reasonable possibility of repetition. *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 856 (9th Cir. 1996) ("[Defendant's] repeated self-justification is sufficient to show a likelihood of future violations"); *Armster v. U.S. District Court for the Central District of California*, 806 F.2d 1347, 1359 (9th Cir. 1986) (finding a reasonable expectation of repetition of the suspension of jury trials due to budget cuts, where the government refused to concede that the suspension was unconstitutional noting that "[a] bare assertion by the [government] in its mootness motion that this situation will not recur is far from credible. Nor would it in any event be sufficient to deprive this Court of its constitutional power to

adjudicate this case."). In her statement on the settlement of the GNR case, the Governor acknowledged the need to collect more data on race, in order to "make additional targeted investments to populations" and "invest in the communities that have faced ongoing systemic oppression and exclusion." *See* Governor Kate Brown on the Oregon Cares Fund Settlement, (March 12, 2021) attached at Scott Decl., par. 2 & Ex. 1.

Moreover, the facts on the ground underscore this very proposition. Defendants make the claim that the COVID-19 pandemic has abated, (Def. Mot. at 11), as if this one simple fact would restore small businesses to their pre-pandemic conditions. Putting aside current concerns over possible new Covid variants, the Governor's lifting of occupancy restrictions and masking requirements did little by itself to repair the widespread economic damages felt throughout the small business community. The federal government believed that more still needs to be done, and toward that goal on March 10, 2021, Congress passed, and one day later, President Biden signed into law, the American Rescue Plan Act ("ARPA") to begin to address its concerns. Section 9901 of the ARPA amends Section 602 of the Social Security Act to establish a Coronavirus State Fiscal Recovery Fund ("CSFRF"). Pub. L. No. 117-2, § 9901. The CSFRF, administered by the U.S. Treasury Secretary (*see id*. § 602(b)(1)(A),) provides aid "to States, territories, and Tribal governments to mitigate the fiscal effects stemming from the public health emergency with respect to the Coronavirus Disease (COVID-19)." *Id.* § 602(a)(1). Section 602(b)(3) appropriates $195.3 billion to state governments ($25.5 billion of which is equally divided among all states giving each a minimum of $500

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

million, and $169 billion of which is apportioned based on each state's share of unemployed workers over a three month period). *Id.* at § 602(b)(3)(B)(i)-(iii). States are required to obligate CSFRF funds by December 31, 2024, and they must spend CSFRF funds by December 31, 2026. 31 C.F.R. § 35 (2021). CSFRF funds may be used "to respond to the public health emergency with respect to the Coronavirus Disease 2019 (COVID-19) or its negative economic impacts, including assistance to households, small businesses, and nonprofits, or aid to impacted industries such as tourism, travel, and hospitality." Pub. L. No. 117-2, § 602(c)(1)(A).

The state of Oregon has reportedly received $2.6 billion in federal funds under ARPA. *See* Dirk VanderHart, "Flush with federal cash, Oregon is likely to avoid big budget cuts," Oregon Public Broadcasting, (Mar. 24, 2021, 7:28PM) attached at Scott Decl. par. 3, & Ex. 2. Oregon's 81st Legislative Assembly adjourned its 2021 Legislative Session on June 26, 2021, balancing its budget through 2023. Peter Courtney, "It's a Wrap: Oregon's 2021 Legislative Session ends," The Chief (June 27, 2021) attached at Scott Decl. par. 4, & Ex. 3.

V. **The expiration of short term economic stimulus legislation does not render claims challenging the legislation moot where they are capable of repetition yet evading review.**

Economic stimulus payment programs by their very nature are intended to provide a boost to the economy by making quick payments to address short term needs. Accordingly, a challenge to this type of program necessarily implicates the capable of

11

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

repetition yet evading review exception to mootness. The exception applies where the challenged action is inherently of too short a duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the plaintiff will again be subjected to the same action in the absence of judicial intervention. *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975-76 (2016) (capable of repetition yet evading review mootness exception applied to challenge to agency's award of contracts in violation of a rule favoring veterans, because contracts were fully performed in less than two years, and it was reasonable to expect the agency to violate the rule in future procurements). "Evading review" in this context means evading Supreme Court review. In other words, for an action to be fully litigable, there must be time for it to be decided by the Supreme Court before the challenged action ceases or expires. *See Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546-47 (1976) (litigation challenging state court orders restricting reporting of criminal trials "will evade review, or at least considered plenary review in this Court, since those orders are by nature short-lived"); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (action is "fully litigated" when it is reviewed by court of appeals and Supreme Court).

      The Supreme Court has held periods of up to two years to be too short. *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (12 month prison term for failure to pay child support was too short in duration to be fully litigated); *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 774 (1978) (challenge to constitutionality of state statute regulating campaign contributions with respect to referendum proposal not moot even though referendum had

12

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

already occurred; 18-month interval between legislative authorization of referendum and submission to voters was too short for complete judicial review); *Southern Pacific Terminal Co. v. Interstate Commerce Com.*, 219 U.S. 498, 514–516 (1911) (challenge to expired two-year cease and desist order was not moot). The Ninth Circuit has held that three years is generally too short a period to allow full judicial review of a declaratory judgment regarding illegal contract provisions. *Johnson v. Rancho Santiago Cmty. College Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010) (litigation concerning contract with initial term of three years took three years just to reach court of appeals).

Here, both criteria are present. Under the capable of repetition prong, it need not be the case that a recurrence of the challenged activity is more probable than not; rather a reasonable expectation that the challenged activity will recur is sufficient. Moreover, the recurrence need not be imminent, as might be required for standing. *E.g.*, *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia*, 972 F.2d 365, 371 (D.C. Cir. 1992) (holding that Supreme Court has applied the capable of repetition exception "if the events were capable of repetition 'at any time.'"). And when a defendant moves for summary judgment, as here, it bears the burden of demonstrating the absence of a genuine issue of material fact with respect to the question of a "reasonable expectation of recurrence."

Plaintiff likewise continues to operate her business in Oregon, and continues to suffer losses due to the continuing economic impact of Covid-19. Garcia Decl. par. 3-4. Plaintiff's coffee shop is located in downtown Portland and depends for most of its

13

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

business on foot traffic primarily from employees in nearby office buildings. To date, that foot traffic has not returned, and the coffee shop continues to lose money. Garcia Decl. par. 4. Accordingly, Plaintiff intends to apply for any aid programs that become available to small businesses, whether grants or loans. Garcia Decl. par. 5.[1] Yet, even if the state uses the same racially exclusive set aside to distribute the ARPA funds, Plaintiff could likewise be left without a judicial remedy.

### VI. Granting summary judgment on Plaintiff's claims for injunctive and declaratory relief would be premature where discovery has barely commenced.

Rule 56(d) of the Federal Rules of Civil Procedure provides: "If a non movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer or deny a motion for summary judgment or "allow time . . . to take discovery." Assuming *arguendo* that it is the nonmoving party's burden on summary judgment to show that there is a reasonable likelihood of similar legislation in the future, Plaintiff should be entitled "to take discovery" on some of the legislation and governmental action it has identified in this memorandum. *See* Scott Decl. par. 5.

---

[1] Defendants try to assert that Plaintiff applied to a race-conscious program of aid. Dfs' Mot. 4. It is not clear what relevance this could have; even if it were true, Plaintiff is entitled to do what it can to keep itself afloat under extraordinary circumstances (including governmental efforts to discriminate). In any event, Defendants' snippet of text from a website, stating only that distribution would be "guided" by knowledge of facts regarding the differing racial impacts of the pandemic, hardly demonstrates that funds from that program were actually distributed in a racially-discriminatory fashion, much less that Plaintiff had knowledge of that alleged fact.

In the present case, Plaintiff served written discovery requests, including, *inter alia*, a request for the production of documents on February 26, 2021. *See* Scott Decl. par. 6. At the State Defendants' request, discovery was stayed on April 6, 2021. Dkt. No. 116. The stay finally expired on July 9, 2021, two days after Defendants filed the present motion. Yet, even though Plaintiff's initial discovery has been pending for almost two months (not counting time discovery was stayed), Defendants continue to refuse to provide any responsive documents. Scott Decl. par. 6. Although Rule 56 permits parties to move for summary judgment before discovery is completed, in this case, where discovery has been so minimal, a decision on the motion is premature. District courts routinely deny such motions. *See Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 446 (E.D.N.Y. 2016) ("courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete"); *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (holding defendant's summary judgment motion "premature" when filed before plaintiff had opportunity to conduct discovery). And when granted, they are often reversed on appeal. *See, e.g.*, *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-08 (7th Cir. 2006) (in light of pending discovery motions, district court abused discretion by granting summary judgment); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 303–307 (2d Cir. 2003) (reversing a pre-discovery grant of summary judgment in favor of defendants as premature); *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the

15

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment

rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

This is because Rule 56 contemplates an adequate time for discovery before a summary judgment motion is considered. *See Nissan Fire & Marine Ins.*, 210 F.3d at 1105-06 ("The nonmoving party, of course, must have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production by showing that the nonmoving party has insufficient evidence,"). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery*") (emphasis added); *Barovich Assocs., Inc. v. Aura Sys., Inc.*, 1998 U.S. App. LEXIS 468, *4 (9th Cir. Jan. 9, 1998) ("In general, summary judgment is not appropriate when the nonmoving party has not had an adequate opportunity to conduct any discovery"); *Program Eng'g, Inc. v. Triangle Publications*, 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment"); *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) ("If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion"); *Carll v. McClain Indus., Inc.*, 2001 U.S. Dist. LEXIS 9188, *11 (D.N.H. June 12, 2001) ("Although Rule 56(b)allows a motion for

summary judgment at any time, some support exists for the proposition that a motion for summary judgment is premature if there has been *no* time for discovery, and discovery could be useful in opposing the motion") (emphasis in original).

Of course, the nonmoving party must show that it has been diligent in pursuing evidence and identify what discovery is needed to oppose summary judgment. Plaintiff has done that here. Accordingly, and in addition to the other reasons provided here to deny the motion outright, this Court should deny Defendants' motion without prejudice or to defer consideration until discovery is completed. *See Ahl-E-Bait Media, Inc. v. Jadoo TV, Inc.*, 2013 U.S. Dist. LEXIS 190636, *15 (C.D. Cal. April 16, 2013) (denying plaintiff's pre-discovery motion for summary judgment on a First Amendment claim without prejudice to refilling after an appropriate discovery period). *See also* Rule 56(d). In this case, further discovery may enable Plaintiff to uncover evidence of Defendants' plans for use of the new stimulus funds under ARPA, as well as other evidence documenting the basis on which Defendants base their conclusion that the Fund's racial set aside was necessary and legal. Scott Decl. pars. 5-6.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court deny the Defendants' Motion for Partial Summary Judgment, or, in the alternative, delay ruling on it until additional discovery is completed.

Dated: July 28, 2021

Respectfully submitted,

Shawn M. Lindsay
shawn@hbclawyers.com
HARRIS BERNE CHRISTENSEN, LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
(503) 968-1475

*/s/ Michelle A. Scott*
Michael E. Rosman *pro hac vice*
rosman@cir-usa.org
Michelle A. Scott, *pro hac vice*
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

Attorneys for Plaintiff Cocina Cultura, LLC

18

Plaintiff's Opposition to Defendants'
Motion for Partial Summary Judgment